Chief Justice Robertson
delivered the Opinion of the Court.
The only question in this case, is whether, in a petition and summons according to the statute of 1837 — (Sess. Acts, 42,) by one endorser of a protested, negotiable note, against the drawers and a prior endorser, it is necessary to copy the endorsement from the plaintiff who had paid the amount of the note as endorser; or whether it is sufficient, in the language of the statute, to aver that he, “as endorser,” had taken up the note?
The provisions of the statute are awkward, and not, in every respect, easily intelligible. But it seems to re *313 -quire the transcription into the petition, of only such endorsement or endorsements as shall be necessary to show that the plaintiff is the “proprietor” of the note, and then an averment only that, “as endorser,” he had paid and taken it up. And we can perceive no reason for requiring more in such an informal proceeding as a petition.
The averment implies necessarily that the plaintiff had endorsed the note, and therefore had paid the amount of it after protest, and thereby entitled himself to an erasure of the endorsement from himself, and to an action against the drawer or drawers, and the prior endorser or endorsers. And such an averment is, in fact, as specific as any other prescribed for a petition.
In this case the endorsement by Sayre, the plaintiff in the petition, had been erased, and was, of course, not copied in the petition; but he averred at the end of the petition, as required by the statute, that he, as endorser, had taken up the note. And, according to either the letter or the spirit of the statute, we are inclined to think that his petition was substantially good.
Wherefore, the judgment is affirmed.