## STATE OF MINNESOTA *vs.* WILLIAM DEERING & CO.

Submitted on briefs Dec. 4, 1893. Affirmed Dec. 28, 1893.

No. 8499.

**Machinery stored for sale is subject to taxation.**

Agricultural machinery manufactured in another state, but brought into and stored in this state in a warehouse, for the convenient distribution thereof in supplying customers and filling orders, is subject to taxation as other personal property. *McCormick* v. *Fitch*, 14 Minn. 252, (Gil. 185,) followed.

**Practice in proceedings to obtain judgment for the tax.**

Upon the return of the citation issued in pursuance of 1878 G. S. ch. 11, § 60, the party cited may, upon proper cause shown, have errors in his assessment corrected. In such proceeding, however, the burden will rest upon him to show error.

Appeal by defendant, William Deering & Co., a corporation, from a judgment of the District Court of Hennepin County, *Thomas Canty,* J., entered September 19, 1893.

The revised list of delinquent taxes assessed and levied upon personal property in Hennepin County for 1891 was filed in the office of the Clerk of the District Court July 20, 1892, whereby it appeared that $388.88 was due from defendant. A citation was issued and served requiring it to show cause why it should not pay said tax and penalty. Defendant answered that it was incorporated in Illinois and had its residence, manufactory and principal place of business there. That it had, since February 1, 1891, shipped some of its agricultural machinery and twine to Minneapolis and stored it there for the purpose of forwarding it to other points where it had been ordered and sold and contracts made for its delivery to purchasers. That the property was in Minneapolis only temporarily. That de-

fendant had paid taxes thereon in Illinois. That no assessor in Minnesota had ever made or asked for any list of the property or appraised its value or applied to any of its agents for such list or appraisal and it prayed that the proceedings be dismissed, and for general relief. At the trial on February 1, 1893, the defendant made proof of the facts stated in its answer. The Court made findings stating these facts and that the value of defendant's property in its warehouse in Minneapolis on May 1, 1891, exceeded $40,000, and ordered judgment to be entered against it for the tax and penalty. Judgment was entered accordingly and defendant appealed.

*Spooner & Taylor* and *Lewis C. Spooner,* for appellant.

The property in question was in transit and had no *situs* in the State of Minnesota or the County of Hennepin for the purpose of taxation. *People ex rel.* v. *Commissioners of Taxes,* 23 N. Y. 224; *People ex rel.* v. *Commissioners of Taxes,* 23 N. Y. 242; *State ex rel.* v. *Engle,* 31 N. J. Law, 425.

We respectfully submit that the decision in *McCormick* v. *Fitch,* 14 Minn. 242, ought not to prevail as against the authorities cited, because the rule laid down in that case was and is a mere *obiter dictum;* was not necessary to be decided in that case; is not sustained by any argument or reasons given therefor; and because the case was dependent upon and was decided upon another point.

All the property had been previously sold by local selling agents and the shipment to the warehouse in Minneapolis was simply for the purpose of temporary storage for a matter of convenience and to deliver on account of such sales. The taxes upon these goods had been assessed and paid in the State of Illinois before shipment to this State. *Board of Co. Com'rs* v. *Citizens' Nat'l Bank,* 23 Minn. 280; *People* v. *Commissioners of Taxes,* 23 N. Y. 242; *State* v. *Rand,* 39 Minn. 502; *State* v. *St. Paul U. D. Co.,* 42 Minn. 142; *County of Hennepin* v. *St. Paul, M. & M. Ry Co.,* 33 Minn. 534.

The tax in question was arbitrarily assessed at a certain amount without investigation and without any omission or neglect on the part of the defendant. *County of Martin* v. *Drake,* 40 Minn. 137.

The tax, under the circumstances, is attempted to be imposed in violation of the State Constitution, Art. 9, § 1.

*Frank M. Nye* and *James A. Peterson,* for respondent.

So far as this State is concerned, the law was determined in *Mc-Cormick* v. *Fitch,* 14 Minn. 252.

The defendant through its representatives stated that the machines were already sold by local agents. No evidence was given of any payment or contract to pay. No delivery, either actual or constructive, was shown. In fact, nothing to show a sale in any sense was proved.

While a double taxation of the same property in the same jurisdiction is not desirable and should be avoided if possible, no authorities go so far as to say that personal property taxed outside of a state cannot be again taxed when sent into another state from the former jurisdiction. *State* v. *Collector,* 37 N. J. Law, 258; *St. Louis Mut. Life Ins. Co.* v. *Board of Assessors,* 56 Mo. 503; *Pittsburg, Fort W. & C. Ry. Co.* v. *Commonwealth,* 66 Pa. St. 73; *State* v. *Newark,* 25 N. J. Law, 315.

If the assessor neglected to perform his duty, the omission would be at most but a mere irregularity, and the law has provided remedies for all such irregularities; and parties complaining must be confined to those remedies. *Thompson* v. *Tinkcom,* 15 Minn. 295; *Thompson* v. *Davidson,* 15 Minn. 412; *City of Hartford* v. *Champion,* 58 Conn. 268.

VANDERBURGH, J. This is a contest over a personal tax, assessed against the appellants, upon their stock of machinery in the city of Minneapolis. Their home office and manufacturing establishment are in the city of Chicago, but at the time of the assessment in question, as well as before and since, the defendants also maintained a large warehouse in the city of Minneapolis, to and from which agricultural machinery has been transferred for the convenient supply of the demands of their customers for Minnesota and other northwestern states. It was practically a branch or department of their business. The warehouse was needed for the storage of machinery for the northwest trade, and goods were supplied therefrom to their customers in filling orders therefor previously received. The court, among other things, finds that machinery was stored in this warehouse for the purpose of relieving the defendants' storehouse in

Chicago, and of storing the same here until needed for sale and shipment. It is not denied that there was a large quantity of such machinery stored in the warehouse in question, to be distributed as needed in supplying orders therefor, on the 1st day of May, 1891, as of which date the assessment complained of here was made. We do not think that the omission or refusal of the court to make additional findings in the case is prejudicial, because the result, in so far as such findings are justified by the evidence, would not be changed thereby.

This case is ruled substantially by *McCormick* v. *Fitch*, 14 Minn. 252, (Gil. 185,) and an extended discussion of the questions involved is therefore unnecessary. The defendants are merchants, within the provisions of 1878 G. S. ch. 11, § 20. It does not appear, nor was the court warranted in finding, that the title to the property had passed from the defendants before actual transshipment and delivery to purchasers. While stored or kept in their warehouse, it was their property, and hence taxable as other personal property found in the possession of its owners within this state on the date of assessment. The property so stored had a situs in this state. It is no defense to this tax that the same property had been taxed in the state of Illinois. The operation of the tax laws of that state have no extraterritorial force; and the rules for the taxation of property brought within the jurisdiction of this state must be determined by the laws thereof. Duplicate taxation will in some cases necessarily result.

The appellants also complain of certain omissions and irregularities on the part of the assessor in making the assessment, and the evidence offered tends to show that they were not notified of the assessment or called upon by the assessor, or required to make any list or return of their property liable to assessment.

But they were bound to take notice of the fact that the property was liable to assessment, and, apart from other statutory provisions for the correction or equalization of the assessment, opportunity was given them by this proceeding for a judicial review and correction of the assessment. It is not objected that the record does not show that their property was duly assessed, and, if they in fact made no list, they had an opportunity on the trial to be heard, and to have the errors, if any, corrected. If they themselves had made a sworn return in respect to the amount of their assessable property, they would

have been bound by it, and would not have been heard to complain in this proceeding, in which the taxpayer may, for cause shown, be relieved from the consequences of such errors. The appellants have therefore no just ground of complaint.

Again, the burden rested upon them to show wherein they were prejudiced, and that the assessor erred in his estimate of the amount of property in their possession subject to assessment. The evidence does not show any error in the respect complained of, and hence the assessment must stand, and the judgment is accordingly affirmed.

(Opinion published 57 N. W. Rep. 313.)