STATE OF MINNESOTA v. WILLIAM Z. MOFFETT and Another,
Executors.[1]

April 29, 1896.

Nos. 9909—(58).

### Constitution—Taxation—Deduction of Debts.

> That part of G. S. 1894, § 1526, which authorizes a person liable to taxa-
> tion, when making up the amount of credits which he is required to list,
> to deduct from the gross amount thereof the amount of all his bona fide in-
> debtedness, is constitutional.

Proceeding in the district court for Hennepin county against de-
fendants as executors of the will of James B. Moffett, deceased, for
the enforcement of delinquent taxes on personal property for the
year 1894, amounting with costs and penalties to $324.72.  The
court, Russell, J., found that the indebtedness of the estate of the
testator exceeded the amount of property and assets in the hands
and under the control of the executors belonging to the estate,
and ordered a dismissal of the proceeding.  Upon application of
plaintiff the court certified certain questions to the supreme court.
Affirmed.

*H. W. Childs*, Attorney General, *F. M. Nye*, County Attorney,
and *A. H. Nunn*, Special Attorney Hennepin County, for plaintiff.

G. S. 1894, § 1526, is repugnant to Const. art. 9, §§ 1 and 3.  In
re Assessment & Collection of Taxes, 4 S. Dak. 6, 54 N. W. 818;
Exchange Bank v. Hines, 3 Ohio St. 1.  Allowing deduction of
indebtedness from credits is in effect exempting credits to the ex-
tent of the deduction.  Little Rock & F. S. R. v. Worthen, 46
Ark. 312; Huntington v. Worthen, 120 U. S. 97, 7 Sup. Ct. 469;
Fox's Appeal, 112 Pa. St. 337, 4 Atl. 149; Le Duc v. City of Hast-
ings, 39 Minn. 110, 38 N. W. 803.

*Jas. I. Best* and *E. N. Best*, for defendants.

COLLINS, J.  We are of the opinion that the only question pre-
sented for our decision by means of a certification, under the pro-
visions of G. S. 1894, § 1589, is that which involves the constitu-

[1] Reported in 67 N. W. 68.

tionality of that part of section 1526, which authorizes and enti-. tles a person, when making up the amount of credits he is required to list for taxation, to deduct from the gross amount of such credits the amount of all his bona fide indebtedness. It is urged with much force and ability, in behalf of the state, that this provision is repugnant to sections 1 and 3 of article 9 of the constitution, and attention has been called to the case of Exchange Bank v. Hines, 3 Ohio St. 1, and to an advisory opinion of the supreme court of South Dakota, rendered at the request of the governor in 1891, and published in 4 S. Dak. 6, 54 N. W. 818 (In re Assessment & Collection of Taxes).

It would be an extremely difficult undertaking to add anything of value to what was said in the very elaborate opinions written by two of the justices in the Ohio case, which opinions contain the views of a majority of the court, and sustain appellant's position; and it would be equally as difficult to suggest any line of argument which would fortify that used by Mr. Justice Ranney, who dissented. We shall not consider the subject upon its merits, nor indicate what our conclusion might be if we regarded the question as an open one, to be determined after a critical examination of the constitutional provisions. We regard the point submitted as foreclosed by the practical construction which has been placed upon sections 1 and 3 of article 9 for almost 40 years, really during the entire period of statehood, by the legislative, executive, and judicial branches of the state government.

At the second session of the legislature, in an act to provide for the assessment and collection of taxes (Laws 1860, c. 1), provision was made for the taxation of "credits," as required by section 3 of said article 9 (which section is not self executing); and the word was defined, in section 2 of said act, as meaning the excess of the sum of all legal claims and demands due, or to become due, to the person liable to taxation, over and above the amount of the legal, bona fide debts owing by him, certain specified forms of indebtedness being excepted. This definition of the words "credits," and the provision which allowed a deduction of the amount of all bona fide debts, were carried forward in various acts of the legislature,[2] until the passage of Laws 1875, c. 5, in which (section 5)

[2] See Laws 1861, c. 1, § 2, proviso; G. S. 1866, c. 11, § 2, Third.

the language was adopted, in substance, now found in G. S. 1894, § 1526.

Nor had the statutory provision or the constitutional question involved been allowed to escape attention, for, as early. as 1864, the then attorney general, in a communication to the governor, gave it as his opinion that the provision giving the right to deduct the amount of all bona fide debts, the excess only being credits liable to taxation, was obnoxious to the constitution. Opinions Attorneys General (1858–1884 Ed.) 148, 150. But, notwithstanding this official opinion, the executive department of the state has always recognized the validity of the law, and the right to make deductions has never been questioned until the present time by any of the officers to whom has been committed the duty of making assessments and collecting taxes. Again, the validity of this statutory provision has always been taken for granted in the judicial department of the state government. It has always been assumed that the practical construction placed upon the constitutional provisions by the legislative and the executive branches was correct; and upon this assumption the courts have acted hundreds of times, in all probability; and in this construction the people of the entire state have acquiesced for nearly two score years. These facts indicate, clearly, in what sense the constitutional, provisions relied on by counsel for appellant were understood by all, and what it was supposed they meant. This practical construction cannot be disregarded, but must be allowed to control the interpretation to be placed upon the language by this court. Therefore, to the first question found in the certification, we answer that the provision of G. S. 1894, § 1526, which authorizes the deduction therein specified, is not obnoxious to any part of article 9 of the state constitution.

As stated in the outset, we do not think any of the remaining questions argued by counsel are properly before us.

The case is remanded to the court below for further action.