[No. 2619.  Decided December 13, 1897.]

W. R. NEWPORT, *Appellant*, v. GEORGE MUDGETT, *Treasurer of Spokane County, Respondent.*

TAXATION — NATIONAL BANK STOCK — ARE CREDITS FROM WHICH DEBTS MAY BE DEDUCTED — CONSTITUTIONAL LAW.

The owner of shares of national bank stock is entitled to have such shares treated as credits from which indebtedness is to be deducted in making up his assessment of property for taxation, since stockholders in banks organized under the laws of this state are entitled to such deduction, as otherwise there would be the discrimination in taxation between national bank stock and "other moneyed capital," which is forbidden by Rev. St. U. S., § 5219.

The provision of section 2, article 7 of the state constitution authorizing the deduction of debts from credits for purposes of taxation is not repugnant to the fourteenth amendment to the constitution of the United States, which provides that "no state shall deny to any person within its jurisdiction the equal protection of the laws."

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge.  Reversed.

*Jones, Voorhees & Stephens,* for appellant.

*John A. Pierce,* and *Harris Baldwin,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Appellant was the owner of twenty-eight shares of capital stock of the Traders' National Bank of Spokane of the value of $2,300. The county assessor called on appellant for a detailed list of his property for the purpose of assessment for the year 1895, which list of all his personal property and credits was duly verified by appellant and furnished. On the first day of April, 1895, appellant owed debts in good faith which he was under obligations to pay, and for which he was primarily liable, and no part of which was an obligation given to any insurance company for premium, nor on account of any unpaid subscription of any kind, or for the purchase of non-taxable property. The above facts are substantially as stated in the complaint, and inferentially from the complaint it can appear that appellant required a deduction of the debts so due and owing by him from his credits set forth in his detailed list, including the twenty-eight shares of national bank stock. No question is raised upon the form of this statement by the respondent. The assessor refused to make such deduction and the assessment roll was completed and properly returned to the treasurer for collection of the taxes of the year 1895 without any deduction of debts from the bank stock as a credit. Appellant seems, in the complaint, to endeavor to state that the valuation of the bank stock owned by him was greater than that of other moneyed capital in competition with the business of national banks, but the facts stated in the complaint evidently were to show that, by reason of a deduction of debts from credits allowed to all the other moneyed capital of the state except bank stock, a discrimination is made by the revenue law of 1895 against national

bank stock, when such discrimination is inhibited by section 5219 of the revised statutes of the United States. A general demurrer was filed to the complaint by the defendant and sustained by the superior court. Appellant relying upon his complaint, judgment was entered against him, from which he appeals.

1. Section 5219 of the revised statutes conferring upon the state the power to tax the shares of national bank stock is as follows:

" Nothing herein shall prevent all the shares in any association from being included in the valuation of personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located,  .  .  .  subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere."

The supreme court of the United States has determined the meaning of the words " moneyed capital " in a number of cases to substantially mean moneyed capital used in competition with national banks. It is only by permission of congress that these shares are taxable by the state. Said the supreme court of the United States in *People v. Weaver*, 100 U. S. 539:

" As congress was conferring a power on the states which they would not otherwise have had, to tax these shares, it undertook to impose a restriction on the exercise of that power, manifestly designed to prevent taxation which should discriminate against this class of property as compared with other moneyed capital."

It has been recently decided by this court in *Pullman State Bank v. Manring, ante,* p. 250, that the stockholder in

18—18 WASH.

a bank organized under the laws of this state was entitled to have his debts deducted from his credits, including shares in the capital stock of a state bank. Evidently we need to go no further than to state that moneyed capital invested in a state bank is in direct competition with money invested in the capital stock of a national bank, and this statement is decisive of this case.

In the case of *People v. Weaver, supra,* the statute of the state of New York of 1866 was under discussion, which statute permitted a debtor to deduct the amount of his debts from the valuation of all his personal property, including moneyed capital except his bank shares, and the court held such statute in conflict with section 5219 of the revised statutes, *supra,* authorizing the taxation by a state of shares of national bank stock. The questions presented for decision in this case were precisely in principle analogous to those in the case at bar, the only difference in the New York statute and that of this state being that in New York the amount of debts could be deducted from all the personal property of the taxpayer instead of the limitation to credits as in our statute.

And again, in *Supervisors v. Stanley,* 105 U. S. 305, it was held that the provisions of the statute of 1866 of New York, *supra,* for the assessment and taxation of the stockholders of the bank and banking association on the value of their shares of stock are in conflict with the act of congress, so far as they do not permit a stockholder of the national bank to deduct the amount of his just debts from the assessed valuation of his stock, while by the laws of the state the owner of all other personal taxable property can deduct such debts from its value.

In *Britton v. Evansville National Bank,* 105 U. S. 322, the court construed a statute of Indiana very similar to the statute of New York, *supra.* The Indiana statute seems to

have been identical with ours in that it permitted the tax-payer to deduct from the sum of his credits, money at interest or other demands, the amount of his *bona fide* indebtedness, leaving the remainder as the sum to be taxed, while it denied the same right of deduction from the value of bank stock. The court, construing the Indiana statute, said:

" A distinction is attempted to be drawn between the Indiana statute and the New York statute, because the former permitted the deduction of the taxpayer's indebtedness to be made from the valuation of his personal property, while in Indiana he can only deduct it from his credits; and, undoubtedly, there is such a difference in the laws of the two states. But if one of them is more directly in conflict with the act of congress than the other, it is the Indiana statute. . . .

" It is unnecessary to repeat the argument in *People v. Weaver* (100 U. S. 539), on this point. We are of opinion that the taxation of bank shares by the Indiana statute, without permitting the shareholder to deduct from their assessed value the amount of his *bona fide* indebtedness, as in the case of other investments of moneyed capital, is a discrimination forbidden by the act of congress."

See, also, *Mercantile Bank v. New York*, 121 U. S. 138 (7 Sup. Ct. 826); *Whitbeck v. Mercantile National Bank*, 127 U. S. 193 (8 Sup. Ct. 1121); *Mercantile National Bank v. Shields*, 59 Fed. 952.

2. It is maintained by respondent that two cases in this court, *Washington National Bank of Seattle v. County of King*, 9 Wash. 607 (38 Pac. 219), and *First National Bank of Aberdeen v. County of Chehalis*, 6 Wash. 64 (32 Pac. 1051), are in point here, and decisive against the contention of appellant. But in neither of those cases was the question at issue in the case at bar raised or decided. The contention of the national banks in each of those cases was that the bank stock had been valued higher than that of other moneyed capital invested in the same business

as national bank stock, and no question was raised as to deduction of debts from credits; and those cases were affirmed by the supreme court of the United States in *First National Bank of Aberdeen v. Chehalis County*, 166 U. S. 440 (17 Sup. Ct. 629), and *National Bank of Commerce of Seattle v. Seattle*, 166 U. S. 463 (17 Sup. Ct. 996). It is also maintained by counsel who represent respondent here, and it seems to have been the view taken by the learned judge of the superior court, that the provision of section 2 of article 7 of our state constitution, that a deduction of debts from credits may. be authorized, is in conflict with the fourteenth amendment to the constitution of the United States, which is that

"No state shall   .   .   .   deny to any person within its jurisdiction the equal protection of the laws."

But this argument of counsel is conclusively answered, and the operation of the proviso in our constitution put at rest, by the decision in *Bell's Gap R. R. Co. v. Pennsylvania*, 134 U. S. 232 (10 Sup. Ct. 533), in which case Mr. Justice BRADLEY, speaking for the court, said:

"The provision in the fourteenth amendment, that no state shall deny to any person within its jurisdiction the equal protection of the laws, was not intended to prevent a state from adjusting its system of taxation in all proper and reasonable ways. It may, if it chooses, exempt certain classes of property from any taxation at all, such as churches, libraries and the property of charitable institutions. It may impose different specific taxes upon different trades and professions, and may vary the rates of excise upon various products; it may tax real estate and personal property in a different manner; it may tax visible property only, and not tax securities for payment of money; it may allow deductions for indebtedness, or not allow them. All such regulations, and those of like character, so long as they proceed within reasonable limits and general usage, are

within the discretion of the state legislature, or the people of the state in framing their constitution."

Section 1, revenue law of 1895 (Laws 1895, p. 508, Bal. Code, § 1657) provides:

" That in making up the amount of money or credits other than bank stock, which any person is required to list or have listed or assessed, he will be entitled to deduct from the gross amount thereof all debts in good faith owing by him," etc.

In so far as the section contains the exception " other than bank stock," it infringes upon the constitutional rule of uniformity in this state and is therefore void, and in so far as the section includes money with credits from which debts may be deducted, it is invalid. *Pullman State Bank v. Manring, supra.*

The judgment of the superior court is reversed with instructions upon a trial to allow appellant the deduction of such debts as come within the revenue statute from his credits, including national bank stock shares.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.