STATE v. J. A. WILLARD.

June 30, 1899.

Nos. 11,524—(18).

### Taxes—Listing Credit Held by Resident Trustee.

Under the provisions of G. S. 1894, § 1515, subd. 6, and section 1516, a credit which is held in trust by a resident of this state is to be listed for taxation by such resident, as trustee, in the taxing district in which he resides, and the amount thereof is to be assessed in such district.

### Same—Situs for Taxation.

The situs of such property for taxation cannot be changed from the county in which the trustee resides to another, simply because he omits to list the same in accordance with the statutory provisions.

### Unlisted Certificate of Deposit—Place of Listing—Application to State Auditor.

In the case at bar, the credit was in the form of a certificate of deposit made payable to one W., as trustee for the stockholders of a state bank, and payable in four annual instalments without interest. By agreement it was left in the vault of the bank, which was located in Yellow Medicine county. W. resided in Blue Earth county. He did not list the credit for taxation in either county. The auditor of the first-mentioned county placed the item on the assessment rolls for taxation as the property of W., as trustee. W. made no effort to have the place of listing this credit fixed and determined by the state auditor, under the provisions of G. S.

1894, § 1522. He did attempt to have the taxes abated, as provided for in section 1652; but the county board and county auditor, to whom he applied, refused to recommend his application. *Held*, that it was incumbent upon W. to promptly apply to the state auditor for a determination of the question in dispute as to the proper place for listing and assessing this item, and that he could not raise the question by answer to a citation issued to him after the sheriff had returned the tax assessed against him as uncollectible.

### Trustee Real Owner—Deduction for Personal Debts—Waiver.

W. was the actual owner of more than one-third of the stock of the bank, and therefore the owner of more than one-third of this credit. His bona fide indebtedness at the time largely exceeded the amount of this credit, and he had made no claim for deduction to the assessor at his place of residence or elsewhere. He failed to claim any deduction from his share of this credit, on account of this indebtedness, until he attempted to have his application for an abatement and correction to the state auditor favorably recommended by the county board and county auditor, as before stated. He offered no excuse or justification for the apparent delay in claiming the deduction. *Held*, that he had waived his right to a deduction on account of indebtedness, and was not entitled to assert the claim when answering the citation.

In proceedings in the district court for Yellow Medicine county to enforce collection of delinquent personal property taxes, defendant interposed an answer. The case was tried before Qvale, J., who found that plaintiff was entitled to judgment against "defendant trustee" for $1,197, and on application of defendant certified to the supreme court for its determination the points referred to in the opinion, together with copies of the citation and of defendant's answer, a statement of the facts, and the decision and order for judgment. By the statement of facts it appeared that defendant did not list for taxation the item of $45,000, which was in dispute, nor was it assessed in Blue Earth county for 1893; that on May 1, 1893, defendant was indebted in the sum of $100,000; that for many years before and immediately after May 1, 1893, defendant prepared no statement of indebtedness to be deducted from his credits in listing his property for taxation, because during all that time his indebtedness exceeded all such credits; that said $45,000 was wholly omitted from taxation during the year 1893; that the county auditor of Yellow Medicine county on February 13, 1896, assessed said item of

$45,000 at the cash value of $35,000, as property omitted from taxation for the year 1893, and the tax so levied amounted to $1,197, exclusive of interest; that defendant after the assessment and levy thereon made due application to the state auditor, and presented the same to the board of county commissioners and the auditor of Yellow Medicine county for their favorable recommendation to the state auditor for an abatement and correction, and that said board and county auditor refused and declined to recommend favorably such abatement or correction. The other facts are stated in the opinion. Affirmed.

*L. H. Schellbach* and *Lorin Cray*, for defendant.

Trust funds should be listed by the trustee, but assessed to the owner, or to the trustee as such. Farmers v. Hoffmann, 93 Iowa, 119; State v. Rand, 39 Minn. 502. If the citation is made to defendant personally, he should be allowed his statutory deductions; and if made to him in a representative capacity, he should be allowed his deductions, at least to the extent of his own individual interest in the trust fund, because he cannot be a trustee for himself. Defendant prepared no statements of such indebtedness because his indebtedness exceeded his credits, and in the present case he had no opportunity to do so. Ruggles v. City, 53 Wis. 436; State v. Rand, supra; State v. Moffett, 64 Minn. 292. Credits should be assessed in the county where the owner resides. State v. Rand, supra; Trustees v. City, 90 Ga. 634. An assessment made elsewhere than at the legal situs of the property as fixed by statute is void. Barber v. Farr, 54 Iowa, 57; Babcock v. Township, 65 Iowa, 110; Remey v. Board, 80 Iowa, 470.

*W. B. Douglas*, Attorney General, *A. J. Volstead*, County Attorney, and *C. A. Fosnes*, for the state.

The judgment rendered in pursuance of the order of judgment would not be personal. Notwithstanding State v. Moffett, 64 Minn. 292, we urge the point that G. S. 1894, § 1526, allowing deduction of indebtedness from credits, is unconstitutional. In re Assessment, 4 S. D. 6. But even if the statute is valid, in no event could defendant make deduction except for debts owing by him as trustee, and he did not claim that such debts existed. Defendant was a trustee.

27 Am. & Eng. Enc. 3. Property held in trust is taxable to the trustee. 25 Am. & Eng. Enc. 124; Black, Tax Tit. § 106; Richardson v. City, 148 Mass. 508; People v. Board, 40 N. Y. 154, 158; G. S. 1894, §§ 1515, 1523. A creditor may give his credits a business situs. In re Jefferson, 35 Minn. 215; Catlin v. Hull, 21 Vt. 152; People v. Commrs., 23 N. Y. 224; Finch v. County, 19 Neb. 50. In case of doubt the situs may be fixed by the state auditor, and when so fixed his decision is binding. G. S. 1894, § 1522. The property having been omitted, it was the duty of the county auditor to enter it on the list for the three years omitted. G. S. 1894, § 1631. Such statutes are liberally construed. State v. Baldwin, 62 Minn. 518. Defendant cannot complain of want of notice. State v. Deering & Co., 56 Minn. 24, 27; G. S. 1894, § 1569. The record does not show on what ground defendant sought abatement, nor that he had exhausted statutory remedies for abatement. Clarke v. County of Stearns, 47 Minn. 552. The action of the county auditor was not void, but at most voidable.

COLLINS, J.

Personal property tax case certified up as provided by statute.

The main facts are that the Granite Falls Bank, a duly incorporated state bank, located at Granite Falls, Yellow Medicine county, with a capital of $50,000, had, prior to April 20, 1893, accumulated undivided profits in excess of $45,000. On that day a dividend of $45,000 was declared out of said profits, and it was directed that payment of this dividend, without interest, be made in four annual instalments, for which nonbearing interest certificates of deposit should be issued, the first to become due October 20, 1894. It was also voted that these certificates should be made payable to the president of the bank in trust for the stockholders according to their stock shares, and that they should be left by the trustee in the vault of the bank. Thereupon a single certificate of deposit was issued, made payable to defendant Willard, as trustee for the stockholders, and this certificate was then and there placed and left in the vault of the bank as agreed upon, and it was there when the tax proceedings were had. Willard was then the president of the bank, he was the owner of about one-third of its stock shares, and

77 M.—13

he then, and for many years previously had, resided in Blue Earth county in this state. He did not list the certificates or the amount therein mentioned for taxation. Nor was it assessed for taxation in any way for the year 1893, except as was attempted in these proceedings.

At this time Willard was indebted in excess of all his credits in the sum of $100,000, exclusive of the debit items which cannot be deducted, mentioned in G. S. 1894, § 1526, but he did not and never had prepared any statement of indebtedness that the amount might be deducted from the gross amount of his credits in tax proceedings. No question seems to be made over the regularity of the proceedings, in matters of mere form, through which this item of $45,000 was placed on the rolls for taxation and thereafter assessed by the county auditor. After the levy, an attempt was made by Willard to submit the matter to the state auditor by first presenting a statement of the facts to the board of commissioners and county auditor, as provided in section 1652, and petitioning those officials for a favorable recommendation for an abatement of the tax. This petition was denied. The findings are silent as to whether Willard at any time attempted to have the state auditor fix and determine, as between the taxing district in Blue Earth county, in which he resided, and that in which these proceedings were had, the place of listing, or the situs of this personal property for assessment purposes, as he might have done under section 1522. With this condition of the findings the presumption is that he made no effort in that direction.

1. The first point to be disposed of among those certified up is that which raises the inquiry as to whether the credit represented by the certificate was assessable and taxable in Yellow Medicine county, when Willard's place of residence was in another county in this state. The court below held that it was.

On the facts here shown it must be held that Willard was the trustee of an express trust as to that part of the certificate which represented the interests of others. He was the legal owner of the entire credit, and the actual owner of more than one-third of it. The duty devolved upon him to list the entire credit, for as to that part held in trust the statute (section 1515, subd. 6)

required that he should list it as trustee. If, as his counsel claim, it was intended that trust property should be listed by the trustee in the name of the cestui que trust, and the assessment be so made, the statute would have been as explicit in this respect as it is in the same section (subdivision 2) when providing that personal property invested, loaned, or otherwise controlled by an agent or an attorney, or on account of another person, shall be listed in the name of the principal, and as explicit as it is in the tenth subdivision, where it is provided that the property of manufacturers and others in the hands of an agent shall be listed by him in the name of the principal. These definite provisions as to what classes of property are to be listed in the name of a principal, although in the hands of an agent, clearly indicate that counsel's claim as to personal property held by a trustee is not well founded. If, then, it was Willard's duty to list this credit, a part of which he owned absolutely and a part of which he held as trustee, the place of listing was at his place of residence in Blue Earth county, under section 1516, and it must follow that, if this was the place for listing, it was the place or county in which these proceedings should have been instituted.

Neglect on the part of Willard to list this credit in the taxing district in which he resided would not of itself confer jurisdiction upon the officers of another district in another county to assess and levy a tax upon it in the latter. The situs for assessment of personal property held in trust by a resident of this state cannot be changed from the county of his residence to another county, simply because he omits to list the same in accordance with the statutory provisions as to place of listing. The general rule is well settled that, in the absence of a statute to the contrary, the law looks upon a trustee as the owner of personal property, and the place of assessment for taxation at his domicile. 1 Perry, Trusts, § 331; Cooley, Taxn. 375; Burroughs, Taxn. 325; Latrobe v. Mayor, 19 Md. 13. See also Trustees v. City, 90 Ga. 634, 17 S. E. 61; People v. Board, 40 N. Y. 154; Trustees v. City, 12 Cush. 54; Lewis v. County, 60 Pa. St. 325. The proper taxing district for this credit was in Blue Earth county, and the question certified up in regard to this point is so answered.

But, on the facts in this case, it is not a sequence that the proceeding was wholly void. Willard did not list the credit in the county of his domicile, nor in the county in which the bank was located, and in which the certificate itself remained, under the agreement that it was to be left in the vault of such bank. It was not listed at all, and of course there was no return of the item by an assessor. This was discovered by the auditor of Yellow Medicine county, and, claiming that the property had acquired a situs in his county for the purposes of taxation, he proceeded in the manner prescribed in section 1551, and listed the same for such taxation. Of this proceeding Willard had notice after the levy, according to the findings, the exact time not being found, and thereupon he took the steps hereinbefore mentioned, under the provisions of section 1652. But it does not appear, as before stated, that he attempted to avail himself of the provisions of section 1522, under which he could have had the proper place of listing this credit decided and fixed by the state auditor.

This section expressly provides for a determination of all questions which may arise under the tax laws as to the proper place to list personal property, and, where the doubt or question arises as between different counties or places in different counties, the place is to be fixed by the state auditor, and, when so fixed, the auditor's decision is as binding as if fixed by the statute. There was a question in this proceeding as to the proper place of listing, which was raised by Willard himself when he attempted to obtain relief under section 1652, and this question should have been submitted by him to the state auditor promptly upon discovering that proceedings to assess had been initiated in Yellow Medicine county. Full authority has been conferred upon the auditor to determine finally the question in cases of doubt and dispute, and to him the application must be made. In Clarke v. Board of Co. Commrs., 66 Minn. 304, 69 N. W. 25, it was held that an application to the state auditor to determine in which of two counties certain personal property should be assessed was of no avail to the owner, because made without notice to the interested local authorities. It is obvious that an owner of property who has wholly failed to apply to the auditor for his decision of the controversy as to the proper place

for listing cannot be in a better position when responding to a citation than is the owner who has applied ex parte. It was incumbent upon Willard to apply promptly to the state auditor for a determination of the doubtful question, and, having omitted so to do, he cannot now be heard upon his claim that the credit was assessed in the wrong district.

If there were any facts which would excuse his failure to submit this question to the statutory tribunal, such as lack of knowledge on his part that proceedings had been instituted in Yellow Medicine county until it was too late, it should have been made to appear in the trial court, and should have been covered by the findings. There are none in those now before us.

2. What has been said hereinbefore disposes of another point, namely, as to the order of the court that judgment be entered against "said defendant trustee" for the amount of the tax. This was correct, for, as before stated, Willard was the legal owner of the entire item of credit. As the legal owner and the proper person to list, he was the party against whom to proceed and against whom judgment should be ordered.

3. The last question arises out of the fact that Willard was indebted in an amount much larger than the amount of this credit, and, under the statute (section 1526), may have been entitled to deductions.

It is enacted by this section that, in making up the amount of credits which any person is required to list for himself or for another, he shall be entitled to deduct from the gross amount thereof the amount of all bona fide indebtedness of himself or of the other person, certain kinds of indebtedness being excluded by the terms of section 1527. The method for making the claim for deductions is set forth in the last-mentioned section. From the provisions found in these two sections it would seem that a claim for a deduction on account of indebtedness should be made when listing credits with the assessor, and cannot be made at any other time or in any other manner. If this is not a proper construction of these sections, the assessor has no opportunity to obtain the affidavit mentioned in section 1527, or to otherwise verify the bona fides of the claim. But, be this as it may, it does not appear from the

record that Willard made any claim for a deduction on account of his indebtedness, or in any manner made it known that he was in debt, and entitled to a deduction, until it was stated in his application to the state auditor for an abatement and correction of the tax in question, which application he presented to the board of county commissioners and to the county auditor for the sole purpose of having it favorably recommended, as required by law. Even if it is clear that he then made this particular claim, we are of the opinion that it was too late. No attempt has been made to justify or excuse an apparent failure to demand promptly that, when assessing his credits, his indebtedness be deducted, and for that reason Willard waived his right to a deduction as to that part of the item of credit which he actually owned.

In this connection it is not improper to state that there are authorities which hold that no deductions for indebtedness can be made under any circumstances, unless they are made in the exact manner and upon the production of the precise evidence required by statute. 25 Am. & Eng. Enc. 229, and cases cited in note 5. Whether this is the law in this jurisdiction we need not decide.

This disposes of the case, and it is remanded with the order that judgment be entered in accordance with the conclusions of law of the trial court.