## STATE v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

### May 26, 1905.

### Nos. 14,300—(25).

**Taxation.**

Contracts for sale of land in this and in another state, made in favor of a foreign corporation doing business in this state, may be given such a situs as to render them liable to taxation by this state.

**Constitution.**

Section 1526, G. S. 1894, providing for deduction of indebtedness from credits listed for taxation, is constitutional.

**Foreign Railway Company.**

A foreign railway company paying a tax on its gross earnings is not taxable under section 1530, G. S. 1894, providing for taxation upon capital stock of corporations, but under other sections of chapter 11, providing for taxation of property generally.

**Construction of Statute.**

A contemporaneous exposition of statutory provisions not clear in themselves, and well-established practice under them universally acquiesced in and followed for a long period of years, preclude a construction by the courts which would impose a penalty for conduct consistent with such exposition and practice.

[1] Reported in 103 N. W. 731.

**Deduction of Debts.**

> Upon the stipulation and facts in this record, *held*, that a foreign rail-
> way company doing business in this state and paying taxes under the
> gross earnings law, upon which no demand was made for the listing of
> credits, the tax on which had not been commuted by that law, is not pre-
> vented by failure to list such credits from deducting its indebtedness from
> such credits.

Proceeding in the district court for Ramsey county to collect de-
linquent personal property taxes for the year 1903. The case was
tried before Kelly, J., who found in favor of defendant. From a judg-
ment entered pursuant to the findings, plaintiff appealed. Affirmed.

*T. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County
Attorney, for appellant.

*C. W. Bunn,* for respondent.


JAGGARD, J.

This was an appeal from proceedings to enforce personal proper-
ty taxes. The facts have been stipulated and found by the trial court
pursuant to the stipulation, and are, briefly, as follows:

The defendant railway company was a corporation organized un-
der the laws of the state of Wisconsin, and admitted to do business
as a foreign corporation in this state in 1896, ever since which time
it has been doing business herein. The company was assessed in 1903
upon credits only by the assessor of said county in the sum of $187,-
000. This assessment the county board of equalization raised to $887,-
000, and against this assessment taxes were duly levied and extended,
amounting to $28,392.87, which, with penalties as provided by law,
the plaintiff is seeking to recover in this proceeding. In its answer
the defendant raised substantially two defenses: (1) That the cred-
its assessed never had any situs in this state for the purposes of taxa-
tion; (2) that at the date of said assessment the defendant owed actual
indebtedness for bonds issued for a valuable consideration in the sum
of $169,000,000. The defendant made no attempt to offset this in-
debtedness against its credits, or to make the claim for the deduc-
tion from said credits, as provided by G. S. 1894, § 1526. The as-
sessor did not, in the year 1903, in any way request or require of it
any statement of its taxable property or deductions from credits. The

defendant and its predecessor the Northern Pacific Railroad Company have been engaged in business in this state continuously for over thirty-five years, and never at any time has it or its predecessor ever made, or been requested to make, any statements of its credits or other personal property for taxation; and the same is true of all railway companies in the state of Minnesota, notwithstanding the fact that the defendant railway company and many other railway companies have owned and held credits equally taxable with those in question, and no railway company has ever been assessed in Minnesota upon credits.

1. We are of the opinion that the credits in question have a situs in this state for the purpose of taxation. In re Jefferson, 35 Minn. 215, 28 N. W. 256; State v. Wm. Deering & Co., 56 Minn. 24, 57 N. W. 313; State v. London & N. W. Mort. Co., 80 Minn. 277, 83 N. W. 339; State v. Scottish Am. Mort. Co., 76 Minn. 155, 78 N. W. 962, 1117; People v. Commissioners, 23 N. Y. 224, 238; New Orleans v. Stempel, 175 U. S. 309, 20 Sup. Ct. 110. In view, however, of the other questions raised in this case, it is unnecessary to consider this at length.

2. The second question arising in this case is this: Is a foreign railway company holding credits of the character here involved entitled to make deductions of debits, as provided in section 1526, G. S. 1894? Counsel for the state contend that this corporation may not offset against such credits its bonded indebtedness. His argument is based on the holding in State v. St. Paul Trust Co., 76 Minn. 423, 79 N. N. W. 339; State v. Scottish Am. Mort. Co., 76 Minn. 155, 78 N. W. 1032, that a domestic corporation cannot offset its indebtedness against its taxable credits, such as notes and mortgages. This court has held upon a construction of section 1530, under which domestic corporations are taxed, that the fifth subdivision thereof is unconstitutional, inasmuch as its literal application would result in a double deduction of indebtedness from the value of the stock of the corporation taxed. The contention of counsel for the state that "the provisions in our statutes authorizing corporations to deduct their indebtedness are unconstitutional as to all corporations" does not at all follow from that decision. On the contrary, the reasoning in that case expressly recognizes the legality of deducting indebtedness once from

credits. The constitutionality of section 1526 has been expressly established by this court. State v. Moffett, 64 Minn. 292, 67 N. W. 68. This accords with the general rule on the subject. Macklot v. City of Davenport, 17 Iowa, 379; Bells Gap R. Co. v. Pennsylvania, 134 U. S. 232, 10 Sup. Ct. 533; Commercial Bank v. Chambers, 182 U. S. 556, 21 Sup. Ct. 863; Newport v. Mudgett, 18 Wash. 271, 51 Pac. 466; People v. Barker, 155 N. Y. 322, 49 N. E. 940.

3. The real question in this case is whether the defendant is deprived of its statutory right to deduct its bona fide indebtedness from its taxable credits by reason of its failure to list and claim the deductions. G. S. 1894, § 1526. In ordinary cases, where there is no question as to the sufficiency of either statutory provision or current general practice concerning the requirements of listing taxable property, and where there is no justification or excuse for failure to list such property, it is the undoubted rule in this state that the taxpayer is not entitled to deduct his indebtedness, unless he asserts that right when he lists his credits. This rule has been applied alike to residents of the state: (State v. Willard, 77 Minn. 190, 79 N. W. 829, and see State v. Northern Trust Co., 73 Minn. 70, 75 N. W. 754), and to foreign corporations: (State v. London & N. W. Am. Mort. Co., 80 Minn. 277, 83 N. W. 339). In the case at bar the question is whether a railway company, taxed under the provisions of the gross earnings law, is within this rule with respect to credits taxable by the state outside of the gross earnings tax. Counsel for the railway company concedes that the state might tax such property, apart from the question of situs, on general lists, but contends that under no section of the revenue law is the railway company required to list such property of its own volition without notice or demand.

Section 1530 clearly does not apply. It is designated to tax the property and capital stock of the ordinary domestic corporation. The requirements to list can only be derived, if at all, from sections 1515 to 1524, inclusive. These sections construed individually or as a whole contain no clear, positive, or specific enactments to that end. The stipulation in this case shows that the universal and long-continued practice in all departments of the state government has so interpreted these sections as not to require returns from railway companies as to taxable property not taxed under the gross earnings law.

Marshall, J., said in Cohens v. Virginia, 6 Wheat. 418: "Great weight has always been attached, and very rightly attached, to contemporaneous exposition." And see page 398. Stuart v. Laird, 1 Cranch, 299. And see Martin v. Hunter's Lessee, 1 Wheat. 304, 353; Cooley v. Board of Wardens, 12 How. 299; Burrow-Giles Lithographic Co. v. Sarony, 111 U. S. 53, 57, 4 Sup. Ct. 279; The Laura, 114 U. S. 411, 5 Sup. Ct. 881; U. S. v. Burlington & M. Ry. Co., 98 U. S. 334; opinion of Justice Brown in Stearns v. Minnesota, 179 U. S. 223, 21 Sup. Ct. 85. And see 44 Cent. Dig. § 291, col. 2847; § 294, col. 2850. Especially in cases of executive construction. See 44 Cent. Dig. § 296, col. 2852.

The rule in this state accords. In City of Faribault v. Misener, 20 Minn. 347 (396) at page 352, Young, J., said of a poll tax: "A practical construction of the constitution, which has been adopted and followed in good faith by the legislature and people for many years, is always entitled to receive great consideration from the courts." And see Ames v. Lake Superior & Miss. R. D. Co., 21 Minn. 241, 289. And see Green v. Knife Falls Boom Corp., 35 Minn. 155, 161, 27 N. W. 924; State v. Luther, 56 Minn. 156, 57 N. W. 464; State v. Moffett, 64 Minn. 292, 67 N. W. 68. And see Carson v. Smith, 5 Minn. 58 (78).

The respondent further insists that, inasmuch as no demand as required by statute (section 1541) was made upon it to list such property, the rule depriving it of the right to deduct indebtedness does not apply. Powder River Cattle Co. v. Board of Commrs. (C. C.) 45 Fed. 323; Northern Pac. R. Co. v. Carland, 5 Mont. 146, 3 Pac. 134; Weyse v. Crawford, 85 Cal. 196, 24 Pac. 735. It is, however, well settled in this state in ordinary cases, that the failure of the assessor to make this demand does not operate to relieve the taxpayer from the duty of paying taxes upon property subject to assessment therefor. State v. Wm. Deering & Co., 56 Minn. 24, 57 N. W. 313; Thompson v. Tinkcom, 15 Minn. 226 (295). Under the circumstances of this case, however, the failure of the taxing official to require the sworn list is entitled to consideration peculiar to the exceptional circumstances here involved. The taxpayer cannot usually complain of the failure of the public officials to comply with such a

directory provision of the statute, although, as a result, he may suffer a practical infliction of a penalty, because his duty to list and claim deductions is clear, and consists with "known usage" (see Mussey v. White, 3 Greenl. 290, 299), plain statutory provisions, and judicial decisions. In the case at bar there is no clear requirement by statute, and there is a general and well-established practice to the contrary. The right of the state to enforce its tax can be sustained only by a new construction inconsistent with such contemporaneous exposition. It is therefore within the rule applied to a wide range of facts that, while a taxpayer is held to a high degree of vigilance in the performance of his duties, he is not visited with forfeiture of his ordinary rights, or inflicted with penalties in the absence of fault on his part, especially where the error or omission of the taxing officials, as by failure to demand such list, does not bring the case clearly within the statute. "One thing is very certain; that a penalty in any form cannot be imposed until a party is in default of some legal duty." Gilfillan, C. J., in County of Redwood v. Winona & St. Peter Land Co., 40 Minn. 512, 524, 41 N. W. 465, 42 N. W. 473. And see Delaware v. Commonwealth, 50 Pa. St. 399, 409 ; Timins v. Chicago, 72 Iowa, 94, 33 N. W. 379; Ratterman v. Ingalls, 48 Oh. St. 468, collecting cases on page 489, 28 N. E. 168, 172; Phipps v. Ratterman, 10 Ohio Cir. Ct. R. 220 ; Insurance Co. v. Cappellar, 38 Oh. St. 560 ; Louisville v. Commonwealth, 85 Ky. 198, 3 S. W. 139 ; Taylor v. Commonwealth, 54 Ky. 11 ; Lee v. Commonwealth, 36 Ky. 312 ; Gachet v. McCall, 50 Ala. 307. And see Ketchum v. Pacific R. Co., Fed. Cas. No. 7,738 ; Central Trust Co. v. Condon, 67 Fed. 84, 14 C. C. A. 314.

We do not hold that there is here necessarily a casus omissus, and we do not indicate that railway companies might not be required to list property not taxed under the gross earnings law. But we are of opinion upon the stipulation and the facts appearing in this particular record that the learned trial court properly held that the defendant's statutory right to deduct indebtedness was not cut off by its failure, of its own initiation, in the absence of notice or demand, to do what this practical construction of the statute had not required it to do.

Judgment affirmed.