STATE v. NORTHERN TRUST COMPANY.

June 16, 1898.

Nos. 11,170—(23).

**Taxes—Unverified Return of Property by Corporation under G. S. 1894, ⸹ 1530—No Mention of Indebtedness—Estoppel.**

The proper officer of a corporation made and delivered to an assessor a statement of the amount of its capital stock and the other items, as required by G. S. 1894, ⸹ 1530, except that it failed to include therein any statement that such corporation was indebted in any amount, and failed to verify such statement. *Held,* that the failure of the officer to swear to such statement did not invalidate it, and that the legal effect of said return constituted a representation that there was no indebtedness of the corporation.

**Same—Corporation Cannot Question Return.**

*Held,* also, that, though said statement did not conform to the requirements of the statute, yet, it having been made out by the proper officer of the corporation, it cannot call in question its validity.

**Same—Hearing upon Citation—Evidence of Indebtedness Incompetent.**

*Held,* further, that it was not competent, upon the hearing of the citation to show cause why the corporation should not pay its taxes, for it to prove that, at the time the statement was made out by its officer, it was indebted in a large sum, which should have been inserted in said statement, but was not.

In the district court for Hennepin county the defendant corporation was cited to show cause why it should not pay $3,125.71, the amount of tax assessed against it for the year 1896. On the return day of the citation the proceedings mentioned in the opinion were had. At the request of defendant the facts and decision of Lancaster, J., stated at length in the opinion, were certified to the supreme court. Affirmed.

*Austin H. Young* and *Fred B. Snyder,* for defendant.

The requirement that the statement should be sworn to cannot be waived. The only purpose of the statement is to ascertain whether the shares of stock are assessable. Only when verified is the statement to be taken as proof; if such proof is not furnished,

the assessor must ascertain the facts necessary in making the assessment, and make out the statement or return himself. The stockholders are bound only when the statute is complied with. A failure to comply with the requirements of the statute can never be considered unimportant or technical. The omission may well be considered vital, and, if the statement had been made under the sanctity of an oath, the item of indebtedness, which would have disclosed the financial condition of the corporation, would have been inserted, as the law required. Davis v. Farnes, 26 Tex. 296. The statement was not such as the statute required in that it omitted the corporate indebtedness. This cannot be deemed a representation that there was none. A mere negative cannot be considered affirmative proof. Thompson v. Tinkcom, 15 Minn. 226 (295). Attention is called to the following authorities: Clark v. Norton, 49 N. Y. 243; French v. Edwards, 13 Wall. 506; Lyon v. Alley, 130 U. S. 177; Marsh v. Board, 42 Wis. 502; Moss v. Shear, 25 Cal. 38, 46; City v. Pettit, 87 Cal. 449, 502; Blackwell, Tax Titles, § 196; People v. Sneath, 28 Cal. 612; People v. Hastings, 29 Cal. 450; Thurston v. Little, 3 Mass. 429.

Defendant should have been allowed to prove that at the time of the pretended statement the corporation was indebted in a sum exceeding the estimated value of its capital stock. The omission to make a proper statement of the indebtedness has resulted in prejudice within G. S. 1894, § 1569. Such defendant may show that the taxes have been unfairly or unequally assessed. See Florer v. Sheridan, 137 Ind. 28. The court will not presume that the method shown in this case has obtained in listing the shares of any other corporation, for, unless the contrary appears, the presumption will be that the provisions of the statute have been observed, and it follows that the shares of capital stock of this corporation, because of the error shown, have been unfairly and unequally taxed. Board Co. Commrs. v. Citizens Nat. Bank, 23 Minn. 280; State v. William Deering & Co., 56 Minn. 24, 27.

*H. W. Childs*, Attorney General, and *James A. Peterson*, County Attorney, for plaintiff.

BUCK, J.

This case was transmitted to this court upon a certified statement of facts and conclusions of law found by the district court of the fourth judicial district, under the provisions of G. S. 1894, § 1589.

The defendant was cited by said court to appear and show cause, if any it had, why it should not pay taxes assessed for the year 1896, upon its personal property, the tax amounting to $3,125.71, together with penalty and costs. It did so appear, and in its answer alleged as a defense that no proper and correct list of its taxable property for the year 1896 was ever made by the president or other proper agent or officer of said corporation, and that the lists of property upon which said assessment was based were not correct, but were valued largely in excess of the actual value of property owned or possessed by said defendant corporation, and that no deductions of items of liabilities required by law were made from such assessed value; also, that the taxes mentioned in the citation were unfairly and unequally assessed upon the taxable property of said corporation. The defendant as a defense offered to prove by competent evidence that at the time said pretended list and statement was made, to wit, on May 1, 1896, said defendant was indebted, other than for current expenses, in a large amount, to wit, more than $300,000, which proof, upon the objection of plaintiff, was excluded, upon the ground that the same was incompetent and immaterial, to which ruling counsel for defendant duly excepted.

Defendant's counsel objected to the entry of judgment against said defendant upon the grounds: (1) That the statement and list introduced and received in evidence was not a sworn statement; (2) that said statement did not contain or purport to contain the total amount of indebtedness, except indebtedness for current expenses, as required by the fifth subdivision of section 1530 of the statute; (3) that the amount of such indebtedness of said corporation was not deducted from the total amount of the fourth item mentioned in said section, to wit, the value of its capital stock; (4) that said statement contained no sum as a basis for a legal assessment. The court held as conclusions of law, and decided: (1) That the statement and list offered by plaintiff, and received in evidence, was sufficient as a basis for the assessment made thereon; (2) that

the failure to verify said statement, or to include therein the indebtedness of the corporation mentioned as the fifth item in section 1530 of the statute, did not invalidate or render void such statement, and that the legal effect of said return was a representation that there was no indebtedness; (3) that although said statement did not conform to the requirements of the statute, it having been made out by an officer of said corporation, its validity cannot be called in question by defendant; (4) that it was not competent upon said trial for defendant to prove that, at the time said statement was made, it was indebted in a large sum, which should have been inserted in said statement, but was not; (5) that plaintiff is entitled to judgment against defendant for the amount claimed in the citation.

On May 1, 1896, the defendant was a corporation organized as a trust company under the laws of this state, and doing business at the city of Minneapolis, when its assistant secretary made and delivered to the assessor of said city a list of the property of said corporation, subject to taxation under the general tax laws of the state. This list was made upon the blanks provided by the state, and signed, but not sworn to, by said assistant secretary. This authority of the assistant secretary to list such property is not questioned. This list contained the following items: Amount of authorized capital stock, $500,000; amount of capital stock, paid up, $233,200; value of said capital stock, $166,240; value of its real property, $68,084.47; value of its personal property, $300. In the blanks furnished and signed, the lister, under the fifth heading, is required to state the total amount of all indebtedness except the indebtedness for current expenses, excluding from such expenses the amount paid for the purchase or improvement of property. No indebtedness was inserted under this heading, and the lister, in his summary of all items, entirely omits to claim any deductions on account of any indebtedness of the corporation; and he stated the balance listed to be $97,855, and that the same was a true and correct statement of the property of the Northern Trust Company. This amount was raised by the state board of equalization to the sum of $124,590.

The contention of the defendant is predicated upon its own ad-

mitted omission of duty. It was not merely a passive omission to do what the law imposed upon it, but an omission to do an act which it knew the law required it to do in a particular manner; that is, furnish a sworn statement or list of property and the amount of its indebtedness, if any it had. This list was made out May 1, 1896, and it did not seek to have it corrected until the month of September, 1897, and not then upon any ground of fraud or mistake, but upon the sole ground that one of its own officers, who had charge of its business and of this particular matter, had omitted to perform his duty of swearing to the list which would have shown its correct financial condition. If it has been prejudiced by this omission of one of its own officers, it alone is to blame.

When the list is made out, it is the duty of the lister to return it to the assessor, who in turn sends it to the county auditor, in whose office it is filed and becomes a public record. This return must be made to the county auditor on or before the first Monday in July following the assessment. G. S. 1894, § 1549. Thus, the officers and stockholders of a corporation can at any time have access to the lists made by their officers, and see whether such list is correct or not. Here the corporation waited 16 months before seeking relief. In the meantime the list had been reviewed by the proper board, examined by the county auditor, and acted upon by the county board of equalization and by the state board of equalization, they, of course, assuming that such list was correct. During all this time when the rate of taxation was being fixed by the assessing officers, the defendant was silent; and now it seeks to take advantage of its own admitted wrong, and attempts to show that its indebtedness at the time of making the list was far in excess of the value of its property, and thus get rid of paying more than $3,000 of taxes assessed against its property, upon the ground that it had not made a verified list.

While the assessor might have refused to accept the unverified list, we do not think that the defendant can take advantage of its own wrong, where the public officers have acted upon the list as being correct. If one corporation can do this, hundreds of others can do the same thing, thus conveying to the world notice that they are solvent for business purposes and insolvent for taxation, dis-

arranging the acts of the equalization boards, and making the revenue to be raised for government purposes uncertain and much less than the sum necessary for such purpose.

The acceptance of the list by the assessor, and the action thereon by the various boards of review and equalization, including the state board of equalization, must be deemed a waiver of the verification, and the corporation estopped to question the validity of the list so made; and the same rule must govern whether the lister represents a corporation as in this case, or the list is made by a private person.

"The real and personal property of each company or association shall be listed and assessed the same as that of private persons." G. S. 1894, § 1530.

A statement that there is no indebtedness by a corporation means just what it says. So does that of a private person. When made by the latter, it binds him, and should be sworn to. The statute says that corporations shall be listed the same. There is no distinction made or authorized by law, and the stockholders in the corporation are bound by this method of listing as well as the corporation itself. The section of the statute just quoted also provides that

"The president, secretary, or principal accounting officer of any company or association, whether incorporated or unincorporated, * * * shall make out and deliver to the assessor a sworn statement of the amount of its capital stock, setting forth * * * the total amount of all indebtedness."

The object of this statement is that the corporation, as well as the private individual, shall declare to the assessor the condition of each, and the obligation of each is precisely the same. The assessor may not feel disposed to question the correctness of this list, but, if he does, then under the law he can make an assessment upon a valuation based upon the best information he can obtain. To this end he can take such part of the list of the corporation as is made to him by the proper officer thereof. He may assume, when the proper officer of a corporation returns a list that it has no indebtedness, that such return is true. If the corporation fails or refuses to

make a return or statement which is true, the assessor may make one as above stated. He may do this whether the one furnished is verified or not. Certainly, if the assessor can make a list, return a statement of the property of the corporation where it makes none at all, or an imperfect one, he may accept as true an unverified one, although perhaps he might be liable to be punished for neglect of duty in this respect. What we mean to be understood as holding is that the return or statement if unverified would be good as against the corporation furnishing it, and binding as to it.

The state, through all its officers acting upon the subject, has accepted the defendant's statement of its assessable property as true. It seems to have been true in fact; that is, as to the kind and amount of property owned by it. Its value the assessor and equalization boards ascertained from the return made by the very person authorized to make it by the corporation liable to taxation. The statement of the assistant secretary was the statement of the corporation, and it is now too late for it to deny its correctness. It would be against public policy to permit such a proceeding, whether the omission to verify the list was intentional or unintentional. It was not competent therefore on the trial for the corporation to prove that, at the time the statement was made by its assistant secretary, it was indebted in a large sum, which should have been inserted in said statement, but was not. Our conclusion is that the failure to verify said statement or to include therein the indebtedness of the corporation did not invalidate or render void such statement, and that the legal effect of said return was a representation that there was no indebtedness of the corporation.

Order affirmed, and case remanded for further proceedings therein.