## STATE v. CITIZENS STATE BANK OF ST. PETER AND A. J. VEIGEL.[1]

March 25, 1927.

No. 25,929.

**State bank estopped from questioning correctness of its return of taxable property.**

The cashier of a state bank made a sworn statement of the amount of the bank's assessable property and delivered the same to the assessor for his use in assessing the same, except that he failed to include any statement as to debts or worthless paper carried as bills receivable. *Held*:

(1) That the bank, in a proceeding to collect delinquent taxes, is estopped from questioning such statement for the purpose of avoiding payment of the tax.

(2) It was not competent therefore on the trial for bank to prove that, at the time the statement was made, it was insolvent because of the amount of worthless paper it was carrying as bills receivable which should have been, but was not, inserted in such statement.

Taxation, 37 Cyc. p. 773 n. 44; p. 1252 n. 32.

Defendants appealed from an order of the district court for Nicollet county, Enersen, J., denying their motion for a new trial. Affirmed.

*C. J. Laurisch*, for appellants.

*Josiah A. Baker*, for the state.

QUINN, J.

Proceeding to enforce payment of delinquent personal property taxes for 1924 against the Citizens State Bank of St. Peter. It is alleged in the answer that in May, 1924, when the assessment for such taxes was made, the capital stock of the bank was worthless, that the bank was insolvent, and that its liabilities exceeded its assets. The court made findings and ordered judgment against the defendants for the full amount of the taxes with interest and

[1]Reported in 213 N. W. 45.

costs. From an order denying their motion for a new trial, defendants appealed.

On May 21, 1924, the cashier of the defendant bank executed a sworn statement for the use of the assessor in assessing the bank. This statement disclosed the capital stock of the bank to be $50,000, a surplus of $20,000, undivided profits $59.80, with real estate of the value of $1,522.41. The assessment was made and carried out in the usual course of proceeding, in accordance with and in reliance upon such statement made by the cashier, by the various officers of the county having to do with such assessments.

At the trial, the defendants offered to prove that, on May 1, 1924, the capital stock of the bank was worthless and that the bank, as a matter of fact, was insolvent; that the greater portion of the losses was upon notes held by the bank, which losses were in excess of the amount of the capital stock, surplus and undivided profits. The offer of proof was denied. This ruling constitutes the sole error urged upon this appeal.

The statement so made by the cashier said nothing about the bank's liabilities or that it had any worthless paper which it was carrying as bills receivable. The bank was taken over by the defendant Veigel, as commissioner of banks, on December 13, 1924, because of its insolvent condition. The commissioner, for the purpose of this proceeding, stands in the same position the bank would have been in but for its insolvency. The case is governed by the decisions in State v. William Deering & Co. 56 Minn. 24, 57 N. W. 313, and State v. Northern Trust Co. 73 Minn. 70, 75 N. W. 754.

An extended discussion of the question involved is unnecessary. The state and county, through all of its officers acting upon the matter, accepted the bank's statement of its assessable property as true and complete. The statement of the cashier constituted the statement of the bank, and it is now too late for it to complain. Under their answer, the defendants offered to prove that the indebtedness of the bank on May 1 was far in excess of its capital stock, surplus and undivided profits and therefore the property taxed was of no value at the time it was assessed or afterwards.

The appellants now seek to avoid payment of the tax solely upon the ground that the verified statement did not show the worthlessness of its bills receivable. The offer of proof was properly rejected. Order affirmed and case remanded for further proceedings.

Affirmed.