### ADAMS *v.* NASHVILLE.

1. The act of Congress, approved June 3, 1864 (13 Stat. 99), was not intended to curtail the power of the States on the subject of taxation, or to prohibit the exemption of particular kinds of property, but to protect the corporations formed under its authority from unfriendly discrimination by the States in the exercise of their taxing power.

2. *People* v. *The Commissioners*, 4 Wall. 244, and *Hepburn* v. *The School Directors*, 23 id. 480, cited and approved.

3. The Supreme Court of Tennessee having decided that the act of the legislature of that State, requiring that all personal property of every kind and nature shall be listed and assessed for taxation, overrides and repeals the previous ordinance of the city of Nashville exempting from municipal taxation certain city bonds, and brings them within the scope of general taxation, that decision is binding upon this court.

ERROR to the Supreme Court of the State of Tennessee.

The facts are stated in the opinion of the court.

*Mr. Edward Baxter* for the plaintiffs in error.

*Mr. J. E. Bailey, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The plaintiffs in error, stockholders in the Fourth National Bank of Nashville, Tenn., filed their bill in the Chancery Court of Davidson County in that State against the Mayor and

City Council of Nashville, to enjoin the collection of a tax imposed upon their shares of stock by that municipal corporation, and to have the tax declared illegal and void.

The bill was demurred to. The Chancellor sustained the demurrer and dismissed the bill. Upon appeal to the Supreme Court of Tennessee, the highest court of law or equity in the State, the decree of the Chancellor was affirmed ; and thereupon the case was brought to this court by writ of error.

It is contended that the statute of the United States, which authorizes the taxation by State authority of the shares of stock in a national bank, but provides that such taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individuals, has been violated in the case of the present plaintiffs. 13 Stat. 102. The first cause of complaint arises out of the act of the legislature of the State of Tennessee of March 1, 1869. The act, it is said, provides that no tax shall be assessed upon the capital of any bank or joint-stock company organized under the laws of that State or of the United States. This, it is insisted, is an exemption from taxation of property in the hands of individual citizens, and operates to produce a greater rate of taxation on the plaintiffs' shares in the Fourth National Bank of Nashville than is assessed on other moneyed capital in the hands of individuals, to wit, on such banking capital, and hence that such taxation is illegal.

The statute enacts that no tax shall be assessed upon the capital of a State bank, but proceeds, in the same section, to say that its shares shall be included in the valuation of the personal property of the owner, for the purpose of assessment for State, county, and municipal taxation, at the same rate that is assessed upon other moneyed capital, and that, in addition thereto, the real estate owned by the bank shall be subject to the same taxation as other real estate.

This objection, in its general character, may be considered in connection with the second objection. The answer to both of them is found in the principle thus laid down in *People* v. *The Commissioners*, 4 Wall. 256 : "That the rate of taxation upon the shares should be the same or not greater than upon the moneyed capital of the individual citizen which is liable to

taxation; that is, no greater in proportion or percentage of tax in the valuation of shares should be levied than upon other moneyed taxable capital in the hands of the citizens." See also *Hepburn* v. *The School Directors*, 23 id. 480.

By an ordinance of the defendants' corporation, passed on the 18th of April, 1870, it is provided that certain interest-paying bonds issued by the said corporation shall be exempt from taxation by said corporation. It is said that there are many such bonds in existence in the hands of individuals; that by such exemption the complainants' shares are taxed at a greater rate than is assessed upon such bonds; and that, therefore, the taxation complained of is in violation of the act of Congress forbidding the taxation of national shares at a greater rate than is assessed upon other moneyed capital in the hands of individuals.

There are several answers to this objection : —

1. It is not alleged in the bill that the bonds therein referred to are in fact exempted from taxation for municipal purposes. After reciting the issue and proposed exemption, the bill says that said property is "thus exempted from all municipal taxes;" that is, that, as a matter of law, it follows from the facts before stated that it is thus exempt.

This is not sufficient, especially when it is alleged in the brief opposed that the fact is otherwise.

2. By the statutes of the State of Tennessee, passed subsequently to the issue of the bonds, all personal property, of every kind and nature, is required to be listed and assessed for taxation.

The Supreme Court of Tennessee hold, in the case before us, that this statute repeals and overrides the ordinance of exemption, and brings these bonds within the scope of general taxation. This is a decision of a State tribunal upon the construction of its own statutes, which we are bound to respect.

3. Considering the objection on its merits and in connection with the objection first described, the case is met by *Hepburn* v. *The School Directors*, *supra*.

By a statute of Pennsylvania, it was enacted that " all mortgages, judgments, recognizances, and moneys owing upon articles of agreement for the sale of real estate shall be exempt :

from taxation, except for State purposes." There, as here, it was objected that this exemption, by relieving certain specified property from taxation, brought the case within the prohibition of the act of Congress, and thus vitiated the tax sought to be enforced. This court held otherwise.

The act of Congress was not intended to curtail the State power on the subject of taxation. It simply required that capital invested in national banks should not be taxed at a greater rate than like property similarly invested. It was not intended to cut off the power to exempt particular kinds of property, if the legislature chose to do so. Homesteads, to a specified value, a certain amount of household furniture (the six plates, six knives and forks, six teacups and saucers, of the old statutes), the property of clergymen to some extent, schoolhouses, academies, and libraries, are generally exempt from taxation. The discretionary power of the legislature of the States over all these subjects remains as it was before the act of Congress of June, 1864. The plain intention of that statute was to protect the corporations formed under its authority from unfriendly discrimination by the States in the exercise of their taxing power. That particular persons or particular articles are relieved from taxation is not a matter to which either class can object.

The third objection is equally untenable. The statute referred to does not purport to relieve any property from taxation. It provides a mode for ascertaining the average capital of the merchant, and for giving a license to carry on the business of a merchant. He is required to pay an *ad valorem* tax on all his capital, and a license tax in addition.

The observations already made are pertinent under this head.

*Judgment affirmed.*