### EVANSVILLE BANK *v.* BRITTON.

### BRITTON *v.* EVANSVILLE BANK.

1. The taxation of national bank shares by the statute of Indiana, without permitting the owner of them to deduct from their assessed value the amount of his *bona fide* indebtedness, as he may in the case of other investments of moneyed capital, is a discrimination forbidden by the act of Congress.
2. *Supervisors* v. *Stanley* (*supra*, p. 305) and *Hills* v. *Exchange Bank* (*supra*, p. 319) cited, and the rulings there made approved.
3. The points of difference between the New York statute there considered, and the Indiana statute applicable to this case pointed out.

APPEALS from the Circuit Court of the United States, for the District of Indiana.

The facts are stated in the opinion of the court.

The case was argued by *Mr. Asa Iglehart* and *Mr. Thomas A. Hendricks* for the bank, and by *Mr. Jacob S. Buchanan* and *Mr. Benjamin Harrison* for Britton.

MR. JUSTICE MILLER delivered the opinion of the court.

These are cross-appeals from a decree rendered in a suit in chancery, in which the Evansville National Bank was complainant, and Britton, as treasurer of Vanderburgh County, Indiana, was defendant.

The case is in all essential points analogous to that of *Hills* v. *Exchange Bank, supra*, p. 319, just decided.

The principal question of law is the same as that discussed

and decided in *Supervisors* v. *Stanley, supra,* p. 305. In fact, the three cases were advanced out of their order, and heard consecutively, because they involved important questions concerning taxation by State statutes of the shares of national banks; and the argument, able and exhaustive throughout, has been almost wholly directed, on the part of the banks, to establish the proposition that, where the law of the State either makes or permits a discrimination operating only against a particular class of holders of national bank shares, in the manner of assessing those shares as regards other moneyed capital in the State, all the laws for such assessments are void, and all such assessments are absolutely void, and no tax on national bank shares can be collected in the State.

The brief of counsel in this case in various forms repeats the idea that the bill was brought, not so much to assert the rights of stockholders who may have been injured by the enforcement of the statute, as to obtain a judicial declaration of this court that the act is void, and the attempt to tax the shares of the bank equally so.

Having, in *Supervisors* v. *Stanley,* rejected this proposition, and given our reasons for it, we shall not repeat them here.

The objection made to the Indiana statute is the same as that made against the New York statute; namely, that it permits the taxpayer to deduct from the sum of his credits, money at interest, or other demands, the amount of his *bona fide* indebtedness, leaving the remainder as the sum to be taxed, while it denies the same right of deduction from the cash value of bank shares.

A distinction is attempted to be drawn between the Indiana statute and the New York statute, because the former permitted the deduction of the taxpayer's indebtedness to be made from the valuation of his personal property, while in Indiana he can only deduct it from his credits. And undoubtedly there is such a difference in the laws of the two States. But if one of them is more directly in conflict with the act of Congress than the other, it is the Indiana statute. In its schedule the subject of taxation from which the taxpayer may deduct his *bona fide* indebtedness is placed under two heads, as follows:—

"1. Credits or money at interest, either within or without the State, at par value.

"2. All other demands against persons or bodies corporate, either within or without this State.

"Total amount of all credits."

The act of Congress does not make the tax on personal property the measure of the tax on bank shares in the State, but the tax on moneyed capital in the hands of the individual citizens.    Credits, money loaned at interest, and demands against persons or corporations are more purely representative of moneyed capital than personal property, so far as they can be said to differ.    Undoubtedly there may be much personal property exempt from taxation without giving bank shares a right to similar exemption, because personal property is not necessarily moneyed capital.    But the rights, credits, demands, and money at interest mentioned in the Indiana statute, from which *bona fide* debts may be deducted, all mean moneyed capital invested in that way.

It is unnecessary to repeat the argument in *People* v. *Weaver* (100 U. S. 539) on this point.    We are of opinion that the taxation of bank shares by the Indiana statute, without permitting the shareholder to deduct from their assessed value the amount of his *bona fide* indebtedness, as in the case of other investments of moneyed capital, is a discrimination forbidden by the act of Congress.

There is in the bill of complaint in this case the usual allegation, apart from the special matters we have just considered, that the assessing officers habitually and intentionally assess the shares of the national banks higher in proportion to their actual value than other property generally, and especially shares in other corporations.    It is denied in the answer, and unsupported by proof.

It is also alleged that the bank is taxed a considerable sum for its real estate, and that in assessing the value of the shares no deduction is made on that account.    The positive testimony of the assessor shows that such deduction was made.

It is alleged that the capital of the bank is almost entirely invested in the bonds and treasury notes of the United States, and the shares only represent this untaxable investment.    *Van*

*Allen* v. *The Assessors* (3 Wall. 573) settles the principle that under certain limitations the shares of the national banks are taxable with exclusive reference to their value and without regard to the nature of the property held by the bank as a corporation. The very point here made was expressly overruled in that case.

Acting upon these principles the Circuit Court decreed a perpetual injunction as to those shareholders who had proved in the case that at the time of the assessment they owed debts which should rightfully have been deducted. These were four in number, and the appeal of the collector, Britton, is from this injunction. The decree in that respect was right, and must be

*Affirmed.*

The bank appeals from that part of the decree which dismissed the bill as to all the other shares. This was because no evidence was given that any other shareholders except the four above referred to owed any debts which could have been deducted from the value of the shares. In the case of *Hills* v. *Exchange Bank* we authorized the court on return of the case to permit the bank to show what shareholders had such indebtedness in some appropriate form. It is not necessary to consider whether this case ought to be reversed at the instance of the bank to enable that to be done now, for it is stated by the counsel of the bank in their printed brief that the offer was made to them to have a reference to a master to take testimony on this point before final decree, and they declined to accept the privilege. That branch of the decree is, on the appeal of the bank,

*Affirmed.*

MR. CHIEF JUSTICE WAITE, MR. JUSTICE BRADLEY, and MR. JUSTICE GRAY dissented.

MR. CHIEF JUSTICE WAITE, with whom concurred MR. JUSTICE GRAY. I cannot agree to so much of the judgment in this case as affirms that part of the decree below appealed from by Britton, the treasurer. " Credits " are but

one of a number of kinds of moneyed capital. They represent, in the classification of taxable property, the ordinary debts due to a person; and it has been common for so long a time in the States to measure their taxable value by their excess over like debts owing to the same person in the same right, that I cannot believe it was the intention of Congress in its limitation on the power of taxing national bank shares to require a deduction of debts from the value of shares, when such a deduction was only allowed to other persons from this one kind of moneyed capital. The law of Indiana expressly prohibits deductions from the value of any other property than credits. Ample provision is made for the taxation of all other moneyed capital at its value without deduction, the same as national bank shares. In *Hepburn* v. *The School Directors* (23 Wall. 480) this court said "it could not have been the intention of Congress to exempt bank shares from taxation because some moneyed capital was exempt." In that case, a tax on bank shares was sustained when, by law, mortgages, judgments, recognizances, and moneys owing on articles of agreement for the sale of lands were not taxable. I am unable to distinguish this case in principle from that. The exemption here is partial only, as it was there.

MR. JUSTICE BRADLEY. I dissent from the judgment of the court in these and the two preceding cases, for the reason that, in my opinion, the State laws authorizing the capital stock of national banks to be taxed, without allowing any deduction for the debts of the stockholders, where such deduction is allowed in relation to other moneyed capital, are void *in toto* so far as relates to national banks. To hold the laws valid except as to those who are actually indebted, and actually claim the benefit of the deduction, and actually set it up in a suit brought by the bank for relief, is practically to render the condition of the act of Congress nugatory, and to deprive of its protection the national banks and their stockholders. The tax though laid on the stockholders is required to be paid by the bank itself, which must pay without deduction unless the shareholders give the bank notice of the amount of their debts. This is a most ingenious expedient to avoid such deductions altogether. The

probability that not one in ten of the shareholders will ever have notice of the assessment in time to make the claim, and the natural reluctance they would have (if they had notice) to lay the amount of their debts before a board of bank officers, will effectually secure the State from claims for deduction. And that was, no doubt, the object of the law. But this unequal operation of it, in its practical effect, might not be sufficient to render it void. It is void, in my judgment, because it makes no exception, but is general in its terms, subjecting to taxation the capital stock of national banks without the privilege of deducting debts. Denying to it operation and effect as to those who desire to claim the benefit of the deduction, and giving it effect as to all others, is to tear a portion of the law out by the roots. *It is not like the case where a portion of a law, which may be separated from the rest, can be declared invalid without affecting the remainder of the law; nor like the case of a general law which the legislature has power to make, but from the operation of which some individuals may have a legal or constitutional exemption, which they can plead in their defence;* but it is wrong in form, wrong *in toto*. The legislature had no authority or power to make the capital of national banks taxable except in the same manner as other moneyed capital of the State. The practical iniquity of the law is seen in this, that it affects the value of all the stock, whoever holds it. As the law stands, it acts as a prohibition against the purchase of the stock by those who owe debts, and they constitute a considerable portion of every community. It does not help the validity of the law for us to declare that it is *pro tanto* void, and, in fact, make a new law for the State. Its validity must be decided by its actual form and terms. If these cannot stand, the law is void.