# BANK OF COMMERCE *v.* SEATTLE.

# SEATTLE BANK *v.* SEATTLE.

# PUGET SOUND BANK *v.* SEATTLE.

# WASHINGTON BANK *v.* KING COUNTY.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

Nos. 223, 224, 225, 226.   Argued March 23, 1897. — Decided April 12, 1897.

*Bank of Aberdeen* v. *Chehalis County*, 166 U. S. 440, affirmed, followed and applied to the several facts in these respective cases.

THE case is stated in the opinion.

*Mr. Harold Preston* for plaintiffs in error. *Mr. Eugene M. Carr* and *Mr. James B. Howe* were with him on the briefs.

*Mr. Andrew F. Burleigh* for defendants in error in No. 226. *Mr. James A. Haight* and *Mr. Samuel Piles* were on his briefs.

*Mr. John K. Brown* for defendants in error in Nos. 223, 224 and 225. *Mr. John B. Allen* and *Mr. F. B. Tipton* were on his briefs.

MR. JUSTICE SHIRAS delivered the opinion of the court.

The bills of complaint in these cases are substantially of the same legal import, so far as any Federal question is concerned, with that considered in the case of *The First National Bank of Aberdeen* v. *The County of Chehalis, ante,* 440, in which the opinion of this court has just been delivered.

The only difference that we notice is that, in connection with the allegation that there existed large amounts of taxable moneyed capital owned by resident citizens and invested in interest-bearing loans and securities, there is made the ad-

ditional allegation that all of said other moneyed capital referred to was all the moneyed capital in the city owned by resident individual citizens and invested in interest-bearing loans, discounts and securities, except that invested in incorporated banks located in the city.

It is not perceived that this additional allegation calls for any different conclusion than the one reached in the previous case. We are still uninformed whether the moneyed capital left unassessed was, as to any material portion thereof, moneyed capital coming into competition with that of national banks. The averment that the moneyed capital exempted was "taxable" does not enable us to say that it therefore consisted of investments within the meaning of the term "moneyed capital" as used in the act of Congress.

The judgment of the Supreme Court of Washington is, in each case,

*Affirmed.*

MR. JUSTICE HARLAN, MR. JUSTICE BROWN and MR. JUSTICE WHITE dissent for the reason stated in their memorandum of dissent in No. 38, *ante*, 440, 462.