**EDDY, County Treasurer, et al. v. FIRST NAT. BANK OF FARGO.**

(Circuit Court of Appeals, Eighth Circuit. July 29, 1921.)

No. 5608.

Taxation ⬡�netto12—Tax on national bank shares held invalid as discriminatory.

A tax at a rate in excess of 35 mills on the dollar, levied on the assessed value of shares of national and state banks, where by a state law (Laws N. D. 1917, c. 230) other moneys and credits of citizens are exempt from all taxes, except a 3-mill tax thereby imposed, as to national bank shares is in violation of Rev. St. § 5219 (Comp. St. § 9784), prohibiting taxation of such shares "at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens," and is invalid as to the excess above the 3-mill rate, though all other property except such other moneys and credits, is taxed at the same rate.

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of North Dakota; Joseph W. Woodrough, Judge.

Suit in equity by the First National Bank of Fargo against E. C. Eddy, as Treasurer of Cass County, N. D., and another. Decree for complainant, and defendants appeal. Affirmed.

Frank E. Packard, Asst. Atty. Gen., of North Dakota (William Langer, Atty. Gen., of North Dakota, on the brief), for appellants.

Edward Engerud, of Fargo, N. D. (A. G. Divet, D. B. Holt, and J. S. Frame, all of Fargo, N. D., on the brief), for appellee.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

HOOK, Circuit Judge. This is an appeal by the treasurer and auditor of Cass county, N. D., from a decree in favor of the First National Bank of Fargo enjoining the collection of taxes for the year 1919 upon its capital shares in excess of the taxes "assessed upon other moneyed capital in the hands of individual citizens of such state." Rev. Stat. § 5219 (Comp. St. § 9784). The suit was brought by the bank as the statutory tax paying representative of the shareholders. Comp. Laws N. D. 1913, §§ 2115–2117; Cummings v. Bank, 101 U. S. 153, 25 L. Ed. 903. The general taxes for city, county, and state purposes, including schools, etc., assessed upon the shares of banks, national and state, aggregated 35.3 mills per dollar of valuation, exclusive of that invested in real property and taxed as such. That was the tax rate applied generally to real and personal property. By the Money and Credits Act of North Dakota (chapter 230, Laws 1917; section 2074, Comp. Laws 1913) all other moneyed capital in the hands of individual citizens of the state (except mortgages on which a registration fee was collected in lieu of taxes), such as moneys loaned at interest and invested in interest-bearing notes, bonds and securities, and shares of associations engaged in such business, were exempted from all taxes, except at the statutory rate of 3 mills on the dollar of valuation. The result of this was that the taxes assessed against the shares of the plaintiff bank amounted to $17,483, whereas, had the 3-mill rate of the Money and Credits Act been applied the amount would have been but $1,482. The bank made and kept good a tender of the latter amount and the injunction appealed from went to the excess.

The effect of an exemption or partial exemption from the general burden of state taxation, in relation to the provisions of the act of Congress (Rev. Stat. § 5219) designed to prevent injurious discrimination against the moneyed capital of individual citizens invested in the shares of national banks, is always open to consideration. This is so because the discrimination must be appreciable or substantial, else it will be taken as but an instance, generally unavoidable, of a failure to maintain exact uniformity in taxation, or as ascribable to the variable schemes or forms of taxation largely within the control of the states. But it would be quite improbable if a major part of the moneyed capital

individually held by citizens of North Dakota, giving to the term "moneyed capital" its accepted meaning (Amoskeag Savings Bank v. Purdy, 231 U. S. 373, 34 Sup. Ct. 114, 58 L. Ed. 274; Mercantile, etc., Bank v. New York, 121 U. S. 138, 7 Sup. Ct. 826, 30 L. Ed. 895), were found invested in the shares of national and state banking associations. Such a condition would be most unusual. We need not, however, indulge in what might be said to accord with common knowledge. The record before us discloses that in the city of Fargo, the domicile of the plaintiff bank, there was at least $2,000,000 of moneyed capital in the hands of individual citizens taxed at the 3-mill rate, and $1,383,023 of national and state bank shares taxed at the rate of 35.3 mills; also that the same relative proportion existed throughout the county and the state.

We are unable to say that this is not a case of serious, substantial discrimination, forbidden by the act of Congress by virtue of and within the limitations of which alone may shares of national banks be taxed. Boyer v. Boyer, 113 U. S. 689, 5 Sup. Ct. 706, 28 L. Ed. 1089; Evansville Nat. Bank v. Britton, 105 U. S. 322, 26 L. Ed. 1053. This is not a case under the equal protection clause of the Constitution, in which a state possesses rather wide powers of classification for legislation, and it is not enough to say that the shares of state banks are treated equally with those of national banks or to make comparisons generally with corporations and their property. The act of Congress itself makes the classification and the comparison, for equal treatment in taxation of moneyed capital is between that belonging not to banks, national and state, or other corporations, as a class, but to the individual citizens of the state, who make its laws and fix their burdens of taxation. It is contended that, were it not for the state statute fixing the small 3-mill rate, much of the individual moneyed capital would escape taxation. If so, it would be largely due to a failure to enforce the laws against individual evasion of taxes, and if that condition, being recognized, is dealt with by statute so broadly as here, substantially equal treatment should be accorded the shares of national banks individually held. The conclusion in this case is fully supported by Merchants' National Bank v. City of Richmond (decided June 6, 1921) 256 U. S. ——, 41 Sup. Ct. 619, 65 L. Ed. ——, in which the facts were quite similar.

The decree is affirmed.