THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE HANOVER NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, v. HENRY M. GOLDFOGLE et al., as Commissioners of Taxes and Assessments of the City of New York, Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

Tax — banks — capital stock tax — stock of national bank taxable by state only at rate assessed upon other moneyed capital — capital stock tax on banks and banking associations. invalid as to national banks.

Section 5219 of the Revised Statutes of the United States, which prescribes the full power of the state to impose taxes upon national banking associations or their shareholders, provides that such taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state. The capital stock tax imposed upon the book value of shares of stock in all banks and banking associations by section 24-b of the Tax Law of this state is, therefore, invalid as to national bank stock inasmuch as by section 4-a of the Tax Law competing moneyed capital in the hands of individuals is exempt from said tax. Thereby a clear discrimination is made against resident holders of bank shares which are taxed according to their book value, who are also taxed on their income. The shares of bank stock are taxed by one method and the dividends thereon are taxed by another method. Competing moneyed capital in the hands of individuals is exempt from taxation based on valuation and is assessed by one method according to income only. (§ 352.) Furthermore, when it appears on the face of the statute that bank shares are taxed on valuation at a flat rate and that the owner of competing moneyed capital relatively material in amount is taxed on income only, the court is powerless to say that equality of taxation has been secured and injustice prevented, and it becomes its duty to declare the right asserted under the Constitution of the United States and the statute enacted by Congress in uniformity therewith and to hold such tax invalid. (*Merchants National Bank of Richmond* v. *City of Richmond*, 256 U. S. 635, followed.)

*People ex rel. Hanover Nat. Bank* v. *Goldfogle*, 202 App. Div. 712, reversed.

(Argued November 23, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1922, which unanimously affirmed an order of Special Term confirming an assessment for taxation for the year 1921 against relator's capital stock and dismissed a writ of certiorari to review the same.

*Martin Saxe, Percy S. Dudley, Charles R. McSparren, Curtis A. Peters, Frank M. Patterson* and *Merton E. Lewis* for appellant. *John Quinn, Clarence E. Shuster, Clarence W. McKay* and *Charles J. Tobin, amici curiæ.* The Appellate Division erred in affirming the order of Special Term dismissing the writ as relator fully sustained the burden of proof by showing, both on the face of the statute and on the undisputed facts, the repugnancy of the one per cent *ad valorem* taxes in question to section 5219 of the Revised Statutes of the United States. (*Bank of California* v. *Richardson,* 248 U. S. 476; *Merchants Nat. Bank* v. *Richmond,* 256 U. S. 635; *Boyer* v. *Boyer,* 113 U. S. 689; *Mercantile Bank* v. *New York,* 121 U. S. 138; *Van Allen* v. *Assessors,* 3 Wall. 573; *Whitbeck* v. *Mercantile National Bank,* 127 U. S. 193; *Covington* v. *First Nat. Bank,* 198 U. S. 100; *Talbot* v. *Silver Bow County,* 139 U. S. 438–447; *Hepburn* v. *School Directors,* 23 Wall. 480; *People* v. *Weaver,* 100 U. S. 539.) The provisions of the Tax Law under color of which defendants acted are void on their face because *prima facie* they are repugnant to section 5219 of the Revised Statutes of the United States. (*First Nat. Bank* v. *Covington,* 103 Fed. Rep. 523; 198 U. S. 100; *S. F. Nat. Bank* v. *Dodge,* 197 U. S. 70; *Van Allen* v. *Assessors,* 3 Wall. 573; *O. Nat. Bank* v. *Owensboro,* 173 U. S. 664; *Mercantile Bank* v. *New York,* 121 U. S. 138.) The Appellate Division erred in its assumption that bank dividends are not taxable income under the provisions of the Tax Law imposing a tax upon personal incomes. (*United States* v. *Goldenberg,* 168 U. S. 95; *Rodgers* v.

*United States,* 185 U. S. 83; *People* v. *Schweinler Press,* 214 N. Y..395; *Tenement House Dept.* v. *Moeschen,* 179 N. Y. 325; *Duplex Printing Press Co.* v. *Deering,* 254 U. S. 443; *People ex rel. C. U. Trust Co.* v. *Wendell,* 231 N. Y. 629; *People ex rel. Clyde* v. *Wendell,* 232 N. Y. 550; *Van Allen* v. *Assessors,* 3 Wall. 573.) Under the rule of equivalency embodied in section 5219 of the Revised Statutes, a state taxing statute, providing for the assessment and taxation of national bank shares exclusively on a direct *ad valorem* basis and of a substantial amount-relatively of " other moneyed capital " exclusively on an indirect income basis, is repugnant to the restriction imposed by Congress and, therefore, such statute is void on its face so far as it affects national bank shares. (*Van Allen* v. *Assessors,* 3 Wall. 573; *Bradley* v. *People,* 4 Wall. 459; *Covington* v. *First Nat. Bank,* 198 U. S. 100; *O. Nat. Bank* v. *Owensboro,* 173 U. S. 664; *Mercantile Bank* v. *New York,* 28 Fed. Rep. 776; 121 U. S. 138; *Eddy* v. *First Nat. Bank,* 275 Fed. Rep. 550; *State ex rel. F. S. Bank* v. *Wallace,* 187 N. W. Rep. 728; *Elterman* v. *Hyman,* 192 N. Y. 113; *Phelps* v. *Vischer,* 50 N. Y. 69; *Bennett* v. *Buchan,* 76 N. Y. 386; *Carroll* v. *Bullock,* 207 N. Y. 567.)

*John P. O'Brien, Corporation Counsel (William H. King* and *Eugene Fay* of counsel), for respondents. The Special Term and the Appellate Division properly held that the Tax Law provides a comprehensive system of taxation in this state, under which no discrimination exists as against national and state banks in favor of other moneyed capital in the hands of individual citizens of the state. (*People ex rel. Amoskeag S. Bank* v. *Purdy,* 231 U. S. 373; *Mercantile Bank* v. *New York,* 121 U. S. 138.) The tax imposed by article 16, section 351 of the Tax Law of this state is a tax upon the property of the individuals affected thereby, the income of the individual being the measure of the tax. (*Pollock* v. *F. L. & T. Co.,* 157 U. S.

429; *C. U. Trust Co.* v. *Wendell,* 197 App. Div. 131; 231 N. Y. 629.)

*Charles D. Newton, Attorney-General (Edward G. Griffin* of counsel), for State of New York. *Owen C. Becker* for City of Oneonta. *Charles L. Pierce, Corporation Counsel (Clarence M. Platt* of counsel), for City of Rochester. *F. J. Cregg, Corporation Counsel (Henry E. Wilson* of counsel), for City of Syracuse, *amici curiæ.* The appellant has failed to establish that the shares of banks in New York are taxed at a greater rate than is other moneyed capital in the hands of individual citizens of this state, within the meaning of 'either section 5219 of the Revised Statutes of the United States or section 24 of the Tax Law of the state of New York. (*Amoskeag Sav. Bank* v. *Purdy,* 231 U. S. 373; *Mercantile Bank* v. *New York,* 121 U. S. 138; *Bridgeport Savings Bank* v. *Feitner,* 191 N. Y. 88; *National Bank* v. *Seattle,* 166 U. S. 463; *First National Bank* v. *Chapman,* 173 U. S. 205; *Talbot* v. *Silver Bow County,* 129 U. S. 438; *National Bank* v. *Mayor, etc.,* 100 Fed. Rep. 24; *Hepburn* v. *School Directors,* 23 Wall. 480.) The present method of taxing competing moneyed capital is fairer to the banks than the method heretofore prevailing. (*People ex rel. B. S. Bank* v. *Feitner,* 191 N. Y. 88.)

POUND, J. Relator, a banking corporation organized under the National Bank Act of the United States, seeks to review an assessment of its capital stock for taxation for the year 1921, on the ground that taxation thereof by the state is at a greater rate than is assessed on other moneyed capital in the hands of individuals. A national bank is an agency of the national government. The state has no constitutional power to lay any tax upon it. Its shares of stock are taxable by the state only when and as Congress permits. (*McCulloch* v. *Maryland,* 4 Wheat. 316; *People ex rel. Bridgeport Sav. Bank*

v. *Feitner*, 191 N. Y. 88, 92; *Van Allen* v. *Assessors,*
3 Wall. [U. S.] 573.)

Section 5214 of the Revised Statutes of the United States
(U. S. Comp. St. § 9779) imposes upon national banks the
obligation to pay to the treasurer of the United States
certain duties " in lieu of all existing taxes," and section
5219 (U. S. Comp. St. § 9784; Barnes Fed. Code, § 9256)
provides that nothing contained in the federal " National
Bank Act " (13 Stat. 99) shall prevent " all the shares
in any association from being included in the valuation
of the personal property of the owner or holder of such
shares, in assessing taxes imposed by authority of the
state within which the association is located; but the
legislature of each state may determine and direct the
manner and place of taxing all the shares of national
banking associations located within the state, subject
only to the two restrictions, that the taxation shall not
be at a greater rate than is assessed upon other moneyed
capital in the hands of individual citizens of such state,
and that the shares of any national banking association
owned by non-residents of any state shall be taxed in
the city or town where the bank is located, and not
elsewhere.   Nothing herein shall be construed to exempt
the real property of associations from either state, county
or municipal taxes, to the same extent, according to its
value, as other real property is taxed."   This section
prescribes the full measure of the power of the state to
impose taxes upon national banking associations or their
shareholders.   Any assessment not in conformity there-
with is unauthorized and invalid.   (*First Nat. Bank of
Gulfport* v. *Adams*, 42 Sup. Ct. 323.)

The Tax Law of the state of New York (Cons. Laws, ch.
60, § 24), enacted long before any state income tax was
imposed, and repealed by chapter 603 of the Laws of 1922,
provided: " In assessing the shares of stock of banks or
banking associations organized under the authority of this
state or the United States, the assessment and taxation

shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state.  *  *  * "

The Tax Law also provides for a tax of one per cent on the book value of shares of stock in all banks and banking associations (§ 24b) and that such tax (§ 24c) " shall be in lieu of all other taxes whatsoever for state, county or local purposes *upon the said shares of stock*, and mortgages, judgments and other choses in action and personal property held or owned by banks or banking associations the value of which enters into the value of said shares of stock shall also be exempt from all other state, county or local taxation."

This tax of one per cent is a direct tax on the shares of stock without regard to the amount of income earned thereon, whether such income has been retained as surplus or distributed as dividends.

The Personal Income Tax Law (L. 1919, ch. 627; Tax Law, § 352), adopted as part of a new program of tax reform, imposes upon every resident of the state of New York an annual tax upon his net income of from one to three per cent. Such taxes " are in addition to all other taxes imposed by law, except that money on hand or on deposit with or without interest, bonds, notes and choses in action and shares of stock in corporations *other than banks and banking associations*, owned by any individual or constituting a part of a trust or estate subject to the income tax imposed by this article, shall not after July thirty-first, nineteen hundred and nineteen, be included in the valuation of the personal property included in the assessment rolls of the several tax districts, villages, school districts and special tax districts of the state."

The statute further provides (L. 1920, ch. 647; Tax Law, § 4-a): " Notwithstanding any provision of this chapter, or of any other general, special or local law, intangible personal property, *except shares of stock of*

*banks, or banking associations,* whether referred to as personal property, capital, capital stock or otherwise, after June thirtieth, nineteen hundred and twenty, shall be exempt from taxation locally for state or local purposes. This exemption shall be in addition to all other exemptions of personal property from local taxation, whether based upon the character, ownership or amount of property. The term ' intangible personal property,' as used in this section, means incorporeal property, including money, deposits in banks, shares of stock, bonds, notes, credits, evidences of an interest in property and evidences of debt."

Shares of stock in banks and banking associations, both state and national, are thus subject to a one per cent valuation tax. Certain other corporations are subject to franchise taxes, but moneyed capital in the hands of individuals is exempt from taxation locally, for state or local purposes. A long line of decisions of the Supreme Court of the United States defines the business of banking and holds that the words " moneyed capital in the hands, of individual citizens " includes moneys invested in private banking houses such as J. P. Morgan & Co., Kuhn Loeb & Co., and others, together with investments of individuals in securities that represent money at interest and other evidences of indebtedness such as normally enter into the business of banking. The national government permits state taxation only on terms of substantial equality in law and in fact, and entire fairness and friendliness. The tax on national bank shares must not discriminate in favor of moneyed capital entering into competition with the national banks. (*Evansville Bank* v. *Britton,* 105 U. S. 322; *Mercantile Bank* v. *New York,* 121 U. S. 138; *Aberdeen Bank* v. *Chehalis Co.,* 166 U. S. 440; *Owensboro Nat. Bk.* v. *Owensboro,* 173 U. S. 664, 676; *Amoskeag Savings Bank* v. *Purdy,* 231 U. S. 373; *Merchants National Bank of Richmond* v. *City of Richmond,* 256 U. S. 635.) The court below has found that the com-

peting capital in the hands of individuals, subject only to the personal property income tax, is very large. " If the principle of substantial equality of taxation under state authority, as between capital so invested and other moneyed capital in the hands of individual citizens however invested, operates to disturb the peculiar policy of some of the states in respect of revenue derived from taxation, the remedy therefor is with another department of the government, and does not belong to this court." (*Boyer* v. *Boyer*, 113 U. S. 689, 703.)

The first question is, whether the state of New York discriminates against national bank shares by imposing a tax both on the shares and the dividends, while it imposes a tax on the income only of other competing capital in the hands of private bankers and other individuals. It was held below that if the direct tax and the income tax were both imposed, the discrimination would be clear. The respondent contends, by a process of statutory construction which would exclude by implication the particular from the general, that no income tax is imposed on the dividends of bank stock. The test to be applied is not whether such dividends may lawfully be included in the income of individuals taxed by the state, but whether they are in fact so included. It is urged that the state had no power to tax such income, for the reason that section 5219 of the Revised Statutes of the United States above quoted permits a tax on valuation only, and, therefore, that it did not tax it. (*People ex rel. Alpha P. C. Co.* v. *Knapp*, 230 N. Y. 48.) The language of the statute suggests no such punctilious regard for those whose income is derived from dividends on national bank shares. On the contrary, it plainly includes such dividends in gross income. Gross income includes (Tax Law, § 359) income from dividends. Dividends from stock in bank corporations owned by resident taxpayers is not included in the list of exemptions.

A clear discrimination is made against resident holders

of bank shares which are taxed according to their book value, who are also taxed on their income. The shares of bank stock are taxed by one method and the dividends thereon are taxed by another method. Competing moneyed capital in the hands of individuals is exempt from taxation based on valuation and is assessed by one method according to income only. The provisions of the law are explicit. The discrimination is unfortunately too clear to escape recognition. We cannot assume that any exemption of dividends on national bank shares from the provisions of the income tax was in the legislative mind. On the contrary, the report of the special joint committee on taxation and retrenchment submitted to the legislature March 1, 1922, the opinion of the attorney-general (March 31, 1920), and the practice of the income tax bureau indicate that by legislative and administrative construction a personal tax upon dividends on the shares was contemplated and collected.

The amount of such moneyed capital in the state of New York thus exempted from taxation except on income is not inconsiderable. It is relatively of much consequence. In the city of New York in the year 1921 such competing capital was nearly twice the total capital of the state and national banks. The tax on the capital stock of national banks becomes invalid when it appears that it has become discriminatory. No way of escape from such a conclusion is open except by disregarding the rule which requires us to give a plain meaning to plain words plainly used. ( *U. S.* v. *Goldenberg*, 168 U. S. 95, 102; *Rodgers* v. *U. S.*, 185 U. S. 83, 86.) The validity of the tax on dividends from national bank stock may be considered when it is assailed by a taxpayer in a proceeding in which it becomes necessary to decide that question.

But, assuming for the purpose of discussion only that dividends on national bank stock are exempt by implica-

·tion from the income tax or that the state tax thereon is invalid and may be disregarded, the tax on bank shares is discriminatory for another reason. The state may, so long as it observes the rule of fairness and good faith, tax national bank shares by one method while it taxes competing capital by another method, without exact uniformity or equality. (*Mercantile Bank* v. *New York, supra; People ex rel. Bridgeport Sav. Bank* v. *Feitner, supra.*) In doubtful cases the burden may rest on the bank to establish inequality. (*Bank of Commerce* v. *Seattle,* 166 U. S. 463; *First Nat. Bank of Wellington* v. *Chapman,* 173 U. S. 205.) Yet the rule laid down for our guidance by the Supreme Court of the United States in substance requires that the shares of the bank shall be taxed only to the same extent that other moneyed capital invested in the state is taxed. (*People* v. *Weaver,* 100 U. S. 539; *Boyer* v. *Boyer, supra.*) If the inequality is palpable, the state courts are without discretion. It becomes their duty to declare the right asserted under the Constitution of the United States and the statute enacted by Congress in uniformity therewith and to hold the tax invalid. (*Merchants' Nat. Bank of Richmond* v. *City of Richmond, supra.*)

When it appears on the face of the statute that bank shares are taxed on valuation at a flat rate and that the owner of competing moneyed capital relatively material in amount is taxed on income only, the court is powerless to say that equality of taxation has been secured and injustice prevented. We are forced to compare two methods which are wholly unlike. How can equality be established or presumed as the necessary result of the taxing statutes? In a very considerable number of cases the valuation tax must inevitably be the heavier burden. It is fixed and certain. The income tax is variable and dependent on income and amount of income. It is conceivable that when returns on such capital are low, the bank stock would be taxed and the competing capital

would be exempt. In no event would equality exist unless the income on competing capital were large beyond the dreams of avarice and the usual returns on investments.

The relator is entitled to the relief asked for. The orders should be reversed and the assessment vacated, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., not voting.

Ordered accordingly.