THE PEOPLE OF THE STATE OF NEW YORK ex rel. FIRST NATIONAL BANK OF OLEAN, NEW YORK, Relator, *v.* CHARLES BREDER and Others, as Assessors of the City of Olean, New York, and Constituting the Board of Assessors of Said City, and Another, Respondents.

Supreme Court, Cattaraugus County, May 12, 1927.

Taxation — capital stock tax — assessment under Tax Law, § 24, of capital stock of national banking corporation — assessment included value of relator's real property, and, in addition to assessment of its capital stock, assessors again assessed real estate — said assessment not void on ground of discrimination between National banks and owners of competing moneyed capital — U. S. Rev. Stat. § 5219, not violated — Tax Law, § 25-c, does not exempt real estate of competing moneyed capital from further taxation.

An assessment made pursuant to section 24 of the Tax Law against the capital stock of the relator, a National banking corporation, which included in the valuation the value of relator's real estate, and in addition to the assessment of its shares of capital stock the assessors again assessed against relator the same real estate, is neither illegal nor void on the ground that the method of assessment discriminates between National banks and the owner of competing moneyed capital, and violates section 5219 of the Revised Statutes of the United States.

The contention of the relator that a discrimination exists between the taxation of National banks and the taxation of other competing moneyed capital, in that the real estate of National banks is subject to taxation twice, once as real estate to the bank and again as part of the capital stock, surplus and undivided profits, while the real property of an owner of competing moneyed capital is subjected to taxation but once, is not substantiated in the absence of proof showing that the method of assessing the value of competing moneyed capital is not the same as assessing the value of shares of stock of National banks.

Moreover, the real estate of competing moneyed capital, though not specifically so declared by statute, is subject to the moneyed capital tax and the real estate

tax, if such real estate is used as capital in competition with the business of National banks to the same extent as real estate and moneyed capital in the hands of National banks.

The real estate of competing moneyed capital, when included in determining its value, is not exempt from further taxation as real estate, for section 25-c of the Tax Law does not grant any such exemption on real estate.

APPLICATION by National bank to review assessment of its capital stock.

*Creighton S. Andrews,* for the relator.

*Patrick S. Collins,* for the respondents.

LYTLE, J.    The relator, a banking corporation organized under the National Bank Act of the United States, seeks to review an assessment of its capital stock for the year 1926, as determined pursuant to section 24 of the Tax Law of the State of New York (as amd. by Laws of 1922, chap. 603, § 8).

It appears that in making the assessment there was included in the valuation the value of the real estate of the relator, and that in addition to the assessment of said shares of capital stock, said assessors did on said roll assess against the petitioner the same real estate, although such real estate was once considered in arriving at the assessed value of its shares of capital stock.

The relator contends that such assessment of its shares of capital stock so made as aforesaid is void and illegal, as it violates section 5219 of the Revised Statutes of the United States (U. S. Comp. Stat. § 9784; Barnes Fed. Code, § 9256), *firstly,* real estate of holders of other moneyed capital in the hands of individual citizens of the State coming into competition with the business of National banks *is not required* by said statutes to be taken into consideration in arriving at the value of such competing capital for assessment purposes, *and is not again assessed, or required to be assessed separately* against the holders thereof; *secondly,* because the National bank, upon payment of its tax, is exempt from further taxation only to the extent of its mortgages, judgments and other choses in action, and its personal property, the value of which entered into the value of the shares so assessed, while other moneyed capital coming into competition with the business of National banks, upon payment of its tax, is exempt from all other taxes on its moneyed capital, *including real estate,* if any, the value of which may have entered into the assessed value of such competing moneyed capital; and by reason of the premises unjust, unreasonable and illegal discrimination is made against National banks and in favor of the holders of other moneyed capital; and *thirdly,* that for the above reasons the statutes of the State of New York require one method of assessment of

People ex rel. First Nat. Bank of Olean *v.* Breder.    789

Misc. 787]                        Supreme Court, May, 1927.

shares of capital stock in National banks, and another and different method of assessment of competing moneyed capital, resulting in unjust discrimination.

Section 5219 of the Revised Statutes of the United States prescribes the full measure of the power of the State to impose taxes upon National banking associations or their shareholders. Any assessment not in conformity therewith is unauthorized and invalid.

After the decision in *People ex rel. Hanover National Bank* v. *Goldfogle* (234 N. Y. 345), holding the then existing provisions of the Tax Law imposing a tax on the value of shares of National banks invalid because discriminatory in favor of competing moneyed capital, and because bank shares were taxed at greater rate than competing moneyed capital, Congress amended section 5219 of the United States Revised Statutes, permitting the States to tax shares of National banks at the locations therein specified in any one of three methods. The first method, which is the one availed of by the State of New York, was covered by a provision reading as follows:

" (b) In the case of a tax on said shares the tax imposed shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state coming into competition with the business of national banks: Provided, that bonds, notes, or other evidences of indebtedness in the hands of individual citizens not employed or engaged in the banking or investment business and representing merely personal investments not made in competition with such business, shall not be deemed moneyed capital within the meaning of this section."

Thereafter the Legislature of the State of New York, by chapter 897 of the Laws of 1923, amended section 25 of the Tax Law for the purpose of subjecting moneyed capital in the hands of private banks and bankers and individuals, and being used in competition with the business of National banks to the same taxation which was imposed upon shares of said National banks.

The constitutionality of this latter enactment of the Legislature has been upheld in *People ex rel. Pratt* v. *Goldfogle* (242 N. Y. 277).

It is now contended that a discrimination exists between the taxation of National banks and the taxation of other competing moneyed capital, since the real estate of the National banks is subjected to taxation twice, once as real estate of the bank, and again as part of the capital stock, surplus and undivided profits of the bank, while the real property of the owner of competing moneyed capital, such as a private banker, is subjected to taxation once.

The relator contends that in assessing and ascertaining the value of competing moneyed capital, that when real estate is included in determining, the value of such competing moneyed capital, in that event said real estate is exempt from any further tax as real estate, and that when real estate is not included in determining the value of competing moneyed capital, such real estate is then subject only to the real property tax.

The relator, however, offers no proof in law or in fact that the method of assessing the value of competing moneyed capital is not the same as in assessing the value of shares of stock of National banks. The real estate of competing moneyed capital, although not specifically so declared by statute, is subject to the provisions of moneyed capital tax and real estate tax, if such real estate is used as capital in competition with the business of National banks to the same extent as real estate and moneyed capital in hands of National banks.

The real estate of competing moneyed capital when included in determining its value is not exempt from further taxation as real estate. Section 25-c of the Tax Law (as added by Laws of 1923, chap. 897) does not grant any such exemption on real estate.

The provisions under the Tax Law for the taxation of shares of National banks and competing moneyed capital enacted in 1923, chapter 897, have now been repealed. (Laws of 1926, chap. 286.) Any further legislation under section 5219 of the United States Revised Statutes may further clarify the question raised by the relator so as to express the clear intent of the legislators.

In view of the premises it necessarily follows that the relator's application to have the assessment herein declared illegal and void is hereby denied.