## CITY OF LONGVIEW, TEX., v. FIRST NAT. BANK OF LONGVIEW, TEX.

### No. 11414.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1945.

Writ of Certiorari Denied Feb. 25, 1946.

See 66 S.Ct. 684.

**98**

H. P. Smead and R. O. Kenley, Jr., both of Longview, Tex., for appellant.

J. N. Saye, of Longview, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The City of Longview, Tex., assessed and collected ad valorem taxes for the years 1943 and 1944, aggregating $7,727.50, against the shares of stock of the First National Bank of Longview. This bank is a national banking association, organized and existing under the laws of the United States, and its principal place of business is in the City of Longview.

The First National Bank of Longview, acting for its shareholders, paid the tax in question under protest and to avoid penalties. This suit was brought by the Bank under the direction of its shareholders to recover the amount of taxes so paid.

The City of Longview moved to dismiss the complaint for the reason that it failed to state a claim upon which any relief could be granted. The court overruled this motion and the City declined to plead further, and the court entered judgment against the City for $7,727.50 with interest thereon at the rate of six per cent per annum from December 22, 1944, and costs.

The only question presented and upon which decision must turn is: Does Section 5219 of the Revised Statutes of the United States, Section 548, 12 U.S.C.A., permit, under state legislative grant, a municipal corporation to tax the shares of stock of national banks?

No question is raised by the Bank as to the manner and method of assessment, nor is any question raised that the tax on the shares imposed was at a greater rate than was assessed upon other "moneyed capital in the hands of individual citizens of such states" coming into competition with the business of national banks.

That part of Section 5219, Revised Statutes of the United States, Section 548, 12 U.S.C.A., involved is:

"The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:

"1. (a) The imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, except as hereinafter provided in subdivision (c) of this clause. * * *

"2. The shares of any national banking association owned by non-residents of any State shall be taxed by the taxing district or by the State where the association is located and not elsewhere; and such association shall make return of such shares and pay the tax thereon as agent of such non-resident shareholders.

"3. Nothing herein shall be construed to exempt the real property of associations from taxation in any State or in any subdivision thereof, to the same extent, according to its value, as other real property is taxed."

While this question has not been directly decided by the Supreme Court of the United States, cases involving taxes levied by a municipality under this section have been before that Court many times and the right to levy and collect such taxes has been apparently conceded. Adams v. Nashville, 95 U.S. 19, 24 L.Ed. 369; Evansville Bank v. Britton, 105 U.S. 322, 26 L.Ed. 1053; Mercantile Nat. Bank v. Mayor, etc., of New York, 121 U.S. 138, 7 S.Ct. 826, 30 L.Ed. 895; Bank of Redemption v. Boston, 125 U.S. 60, 8 S.Ct. 772, 31 L.Ed. 689; Bank of Commerce v. Seattle, 166 U.S. 463, 17 S.Ct. 996, 41 L.Ed. 1079; Merchants National Bank v. Richmond, 256 U.S. 635, 41 S.Ct. 619, 65 L.Ed. 1135.

A municipal corporation, so far as it is vested with subordinate legislative powers for local purposes, is a mere instrumentality of the State for the convenient administration of government. Broughton v. Pensacola, 93 U.S. 266, 23 L.Ed. 896; City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937, 29 A.L.R. 1471; Council Bluffs & St. J. Railroad Co. v. Otoe County, 83 U.S. 667, 16 Wall. 667, 21 L.Ed. 375; Supreme Forest Woodmen Circle v. City of Belton, 5 Cir., 100 F.2d 655.

While the power of the State to tax national banks is limited by the terms of the statute, it does not attempt to restrict the exercise of such powers as are actually conferred.

We are of opinion the court erred in failing to sustain the motion of the City of Longview to dismiss the complaint.

Reversed and remanded with direction to dismiss the complaint.